170 So.2d 144 (1964)
Max Eugene FLETCHER, Plaintiff-Appellant,
v.
Ethel Ragan FLETCHER, Defendant-Appellee.
No. 10312.
Court of Appeal of Louisiana, Second Circuit.
December 14, 1964.
Billye L. Adams, Monroe, for appellant.
John S. C. Massey, West Monroe, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
Involved on this appeal is the custody of a 4-year-old child, issue of the marriage of plaintiff and defendant. Predicated upon continued separation following a judicial decree of separation, a judgment of divorce was rendered at the instance of plaintiff husband. The wife was, however, awarded custody of the child. The father was condemned to pay the mother $50 per month for the child's support. The status of the matter thus remained until May 21, 1964, when plaintiff, by rule, sought to obtain custody of the child on the alleged ground that the mother was unfit to retain its custody. *145 The court found that, other than defendant's one indiscretion, there was no evidence of immoral character and no evidence to establish that the mother was an unfit person. The court did find, however, that plaintiff's character was unexemplary and that it would be detrimental to the child and its welfare for him to be entrusted to his father's custody. Consequently, the child was ordered continued in its mother's custody and the father appealed.
The facts and circumstances established in the record, which in our opinion merit consideration in this matter, may be briefly reviewed. Plaintiff and defendant were married on May 4, 1960, while they were both young; plaintiff was, at the time, 16 years of age. Less than four months thereafter, on August 30, 1960, the child, whose custody constitutes the object of this litigation, was born. At the time of his marriage, plaintiff was in the military service of the United States, stationed in California. The defendant accompanied him to his duty station, but, after some months, returned to their matrimonial domicile in Monroe, Louisiana. Plaintiff remained in the service until early 1961, after which he likewise returned to Monroe and, by proceedings instituted by him, obtained a judgment of separation from defendant dated June 29, 1961.
By an allotment continued during plaintiff's tour of military service, and by her earnings at various employments, the mother was able to maintain herself and the child. On plaintiff's separation from the service, the allotment was discontinued. The mother thereafter found it exceedingly difficult, by her own earnings, to maintain herself and her child. Assistance from plaintiff was spasmodic and insufficient.
Under conditions brought about largely through plaintiff's failure to adequately support his wife and child, she became easy prey for one who obviously had evil designs. Thus, following the divorce, defendant, under a promise of marriage as soon as he obtained a divorce, lived with a corespondent during the course of a few months. Upon realization of the futility of such an arrangement, that the corespondent had no intention of marriage, and that she had been imposed upon, defendant discontinued the illicit relationship. The record discloses no further misconduct on her part.
By a great preponderance of the evidence, the record discloses that, in every other respect, the mother has been, and is, to the very best of her financial ability, providing a home and excellent care for her child. The record, however, establishes the unfitness of the father for custody of the child. His conduct, including a continued course of drinking and of adultery, while more secretive than the single instance of defendant's misconduct, was, nevertheless, just as immoral and as reprehensible, and evidences his immaturity and irresponsibility.
From the aforesaid circumstances, we have concluded, as did the trial judge, that it would be to the best interest of the child that it remain with its mother, and that the fact of her aforesaid indiscretion is not conclusive of her moral unfitness to have its care and custody. Our conclusion finds legal support in the following cases: Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311 (1953); Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Baasen v. Baasen, 133 So.2d 908, La.App., 2d Cir.1961; Hanks v. Hanks, 138 So.2d 19, La.App., 1st Cir. 1962 (certiorari denied); Bush v. Bush, 144 So.2d 119, La.App., 4th Cir.1962; McCaa v. McCaa, 163 So.2d 434, La.App., 2d Cir. 1964 (writ refused).
Brief reference to the holdings in some of these cases will suffice. For instance, in Estopinal v. Estopinal, supra, the Supreme Court held that the evidence of adultery adduced therein did not establish that the mother was morally unfit. There, the court stated:
"The law is well settled to the effect that in cases of custody of children, the *146 mother is to be preferred unless she is shown to be morally unfit. The question posed here is, does the one indiscretion she has committed render her morally unfit? A person who is puritanically inclined would say that she is; one who is more practical would say she is not. Courts always endeavor, when possible, to take the practical view of such matters. We do not think that because of this one error in her life, grievous as it was, she should be deprived of the legal custody of the child, especially one of such tender age, requiring her care and attention more than that of the father. It is the child's own interest and welfare that is of paramount importance and we are sure that the district judge gave that matter due consideration when he held that at the time of the trial, the mother was not morally unfit to provide for its welfare. Should she prove to be undeserving in the future, the law has wisely reserved to the father the right to apply to the Court to have the decree of custody changed."
Also appropriate here is a comment made by the Supreme Court in Messner v. Messner, supra:
"Under the law [LSA-C.C. Art. 157] and settled jurisprudence of this State, the trial judge has the discretion of awarding the custody of a child whose parents are legally divorced in accordance with the circumstances existing when he is called to act. Although this discretion is subject to review and control by us, we are usually reluctant to reverse a judgment in these instances, unless we find and conclude that the trial judge has abused the discretion vested in him. * * *
"We have also consistently recognized that the paramount consideration in determining to whom the custody of a child should be given after the divorce, a complex and grievous responsibility which too often preys upon one's heart, is the welfare, happiness and best interest of the child. In doing justice to this principle this Court has consistently awarded the custody of minor children to the mother unless she has been found morally or otherwise unfit, or unless she is incapable of giving them proper care and guidance."
Applicable also is the observation in Bush v. Bush, supra:
"In this case the mother has admitted an adulterous relationship with Burton Chalaire, which began at least six months after she left her husband. While we do not condone plaintiff's behavior in this respect, yet, under the circumstances, we do not think this conduct has been detrimental to her child's welfare. She has always represented to friends and neighbors that she is legally married and she and her paramour did attempt to marry; however, at the time of this trial, plaintiff was unable to wed Chalaire because she had not obtained a legal divorce."
Moreover, we may point out that this is not a case wherein the parents of the child are initially contesting the right of one over the other to its custody. Custody has already been awarded to the mother in the judgment of divorce. While that award is not irrevocable but is subject to modification at any time when a change of conditions demands it, it is incumbent upon the party requesting the modification to prove that the conditions under which the child is living are detrimental to its interest, and, further, that the applicant for its custody can and will provide a good home under a better environment, if given its custody. Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Gentry v. Gentry, 136 So.2d 418, La.App., 1st Cir.1961.
The record in this case is devoid of evidence reflecting the occurrence of a material change such as to place in jeopardy the welfare and best interest of the child. *147 As heretofore indicated, we do not feel that the aforesaid indiscretion on the part of the mother is such as to render her morally unfit, under the circumstances shown to exist in this case, to continue the custody of the child. This was the conclusion reached by the trial court who heard the evidence and who had the opportunity to and did observe plaintiff and defendant, as well as the other witnesses, as they gave their testimony. In giving consideration and due weight to all of the evidence, and mindful of the best interest and welfare of the child, we cannot say that the trial judge abused his discretion or committed error in continuing the custody of the child in its mother.
For the reasons assigned, the judgment appealed is affirmed at plaintiff-appellant's cost.
Affirmed.