223 So.2d 840

**Richard Jackson TIFFEE**

v.

**Virginia Ruth Kenny TIFFEE.**

No. 49482.

June 9, 1969.

Rehearing Denied June 27, 1969.

Lloyd F. Love, Ferriday, for defendant-appellant-applicant.

Roy S. Halcomb, Ferriday, Nathan M. Calhoun, Vidalia, for respondent.

SANDERS, Justice.

In this proceeding, Richard Jackson Tiffee seeks the custody of his two minor daughters, Jackie Elaine and Stephanie Lynn, from his former wife, Mrs. Virginia Ruth Tiffee. The district court granted custody of Jackie Elaine to the father, but maintained the mother's custody of Stephanie Lynn.

The mother appealed suspensively. On a motion to dismiss the appeal, the Court of Appeal maintained it as a devolutive appeal. 205 So.2d 609. In due course, the Court of Appeal affirmed the district court judgment. 212 So.2d 186. Upon application of the mother, we granted certiorari to review the judgment of the Court of Appeal. 252 La. 943, 215 So.2d 122.

The single issue presented in this Court is whether the custody of Jackie Elaine Tiffee should be changed from her mother to her father.

Plaintiff and defendant married on November 25, 1958, and established their

home in Concordia Parish. Jackie Elaine was born on December 13, 1959, and Stephanie Lynn on December 10, 1960.

On May 27, 1965, Mr. Tiffee filed a suit against his wife for a divorce and custody of the children. This suit never came to trial on the merits.

Mrs. Tiffee returned to the family home on August 21, 1965, but eight days later, she again separated from her husband. With the younger daughter, Mrs. Tiffee went to the home of her mother at Ferriday. A few days later, the "law" returned Jackie Elaine to her mother.

The husband filed a supplemental petition in the divorce suit. On September 13, 1965, in an uncontested proceeding, the court rendered judgment in the suit granting Mrs. Tiffee the custody of both children, subject to visitation by the father.

During the same month, the paternal grandparents, Mr. and Mrs. Woodrow Tiffee, brought Jackie Elaine to live with them at Monterey, but the child continued to visit her mother frequently. She attended the Monterey school and adjusted well in its program.

On January 21, 1966, Mr. Tiffee obtained a divorce in Arkansas. With Mr. Tiffee's consent, the court granted the mother custody of both children.

Both parties remarried after the divorce. Mr. Tiffee and his second wife established a home at Monterey near his parents. On June 3, 1967, Mrs. Tiffee married Robert Earl Robbins, a United States Air Force officer. At the time of the trial, they maintained a home near Texas A&M University, where Lieutenant Robbins was enrolled as a graduate student.

During the summer of 1967, the mother brought Jackie Elaine from the grandparents home to her home at Bryan, Texas. The child continued to live with her mother until the husband filed this suit to obtain custody on September 27, 1967. At the time of the trial, Jackie Elaine was 7 years old and Stephanie Lynn was 6.

The trial judge did not assign written reasons for judgment, but he did observe at the conclusion of the trial that "The mother of Jackie testified that the girl is unhappy and cried quite often and Stephanie seemed to be well adjusted * * * I am going to let both of them stay with their Mother until Christmas time. At that time I think we should let Mr. Tiffee have the older child to go to Monterey school." He rendered judgment ordering Mrs. Tiffee to deliver Jackie Elaine to plaintiff no later than January 27, 1968.

In affirming the judgment, the Court of Appeal stated:

"Plaintiff alleges that defendant is unfit and is incapable of taking care of the children. The evidence fails to establish any factual basis for these allegations. We are convinced that the mother is fit

and able to care for both children. She and her present husband have established a home in Texas and can provide both children with the care and supervision which they need. * * *

"We confess that the issues presented here are difficult to decide. On the one hand, the mother is fit and able to care for her minor daughter, and under our established jurisprudence she has a preferred right to the custody of the child. On the other hand, the right of the mother to custody is not absolute, and it must yield when the best interests and welfare of the child demand that custody be awarded to the father. The facts show that the child has lived with the father almost continuously since the parties separated in 1965, that the father also is fit and able to give the child a good home, and that the child is happy and well adjusted with the father while she appears to be unhappy with the mother. Finally, the trial judge has concluded that it is for the best interests and welfare of the child that custody be transferred to the father. Much discretion is vested in the trial judge and his decision in custody cases is entitled to great weight."

Although we agree the decision of a trial judge in child custody matters is entitled to great weight, we think the Court of Appeal erred in this case.

In Decker v. Landry, 227 La. 603, 80 So.2d 91, this Court enunciated the following principles governing a change of custody:

"This is not a case wherein the parents of the children are initially contesting the right of one over the other to custody. Here, permanent custody has already been awarded to the father by the judgment of separation conformably with the provisions of Article 157 of the Civil Code. And, while that award is not irrevocable, see Pullen v. Pullen, 161 La. 721, 109 So. 400 and cases there cited, also Higginbotham v. Lofton, 183 La. 489, 164 So. 255, being subject to modification at any time when a change of conditions demands it, it is incumbent upon the party requesting the modification to prove that the conditions under which the children are living are detrimental to their interests and further that the applicant can and will provide a good home and better environment if given their custody."

These principles have been followed in numerous decisions, including Holmes v. Holmes, La.App., 203 So.2d 897; Gary v. Gary, La.App., 143 So.2d 411; Gentry v. Gentry, La.App., 136 So.2d 418; and Fletcher v. Fletcher, La.App., 170 So.2d 144.

The mother has had legal custody of Jackie Elaine since 1965. Before her remarriage, however, she permitted the

child to live with the grandparents much of the time. The child and the grandparents developed a strong attachment to each other. When Jackie Elaine first joined her mother during the summer of 1967, she was unhappy in her new home. The mother frankly admitted the child cried on occasions. Both the mother and her husband, however, attested that the child adjusted to the new environment and seemed to have no special difficulties at the time of the trial.[1]

The trial judge declined to interview the child because of her tender years.

The Court of Appeal properly found the mother is a fit custodian and provides a suitable environment for the child. The trial court reaffirmed the mother's custody of the younger daughter.

■ The separation of children of a family, though sometimes necessary, is a custodial disposition that courts seek to avoid. Normally, the welfare of these children is best served by leaving them together, so they can have the full benefit of companionship and affection. When feasible, a court should shape its orders to maintain family solidarity. See Rose v. Rose, La.App., 177 So.2d 659.

■ Under the rule of Decker v. Landry, supra, the record is insufficient to warrant a change of custody. Any change of conditions in the mother's custody has been for the better. The record fails to establish any conditions detrimental to the welfare of the child.

Plaintiff contends the mother abandoned Jackie Elaine when she permitted her to live with the grandparents. This assertion, however, finds no support in the record. During this period, the mother visited with the child at regular intervals. At the time of the trial, the child had been living in the mother's home for several months.

For the reasons assigned, the judgment of the Court of Appeal, affirming the judgment of the district court, is reversed; Mrs. Virginia Ruth Kenny Tiffee is granted the care, custody, and control of Jackie Elaine Tiffee, subject to the right of reasonable visitation by the plaintiff, Richard Jackson Tiffee; and plaintiff's petition for custody is dismissed at his costs.

---

1. Mrs. Virginia Ruth Tiffee: "Q. Does she still want to go back to Monterey at the present time? A. No, sir, not exactly. I believe she's happy and she's contented. She would be happy. I can say that but she is also happy with me." (Tr. 26) * * * "A. Well, lately she hasn't cried. I can say that. Right at first, I don't know if it was because she wasn't use to the place but lately she hasn't—she hasn't mentioned it." (Tr. 27–28)

Lieutenant Robert Earl Robbins: "A. Right at first Jackie was unhappy because of the change. She had been used to being down with her grandfather and right at first, of course, she was unhappy with the change. The last several months she hasn't been. She has been quite happy with us."