232 So.2d 521 (1970)
Wiley C. NUGENT, Jr., Plaintiff-Appellant,
v.
Kathy Marie L. NUGENT, Defendant-Appellee.
No. 2984.
Court of Appeal of Louisiana, Third Circuit.
February 11, 1970.
Dissenting Opinion and Rehearing Denied March 4, 1970.
*522 Gold, Hall & Skye, by James D. Davis, Alexandria, for plaintiff-appellant.
Holt, Wagner & Lee, by Richard E. Lee, Pineville, for defendant-appellee.
Before FRUGÉ, SAVOY and HOOD, JJ.
HOOD, Judge.
Plaintiff, Wiley C. Nugent, Jr., instituted this suit for separation against his wife, Kathy Marie LeBlanc Nugent. A default judgment was rendered granting him the separation and awarding him the custody of their minor child, Vicki Lynn. Mrs. Nugent then filed pleadings in the same suit demanding that she be awarded the custody of the child. After a hearing, judgment was rendered by the trial court awarding the custody to Mrs. Nugent. Mr. Nugent, the original plaintiff, has appealed.
Plaintiff's principal contention is that his wife failed to meet the burden of proof which rests on her to justify a change in custody, and that the trial court erred in awarding custody to defendant.
Mr. and Mrs. Nugent separated on August 2, 1969, when their child, Vicki Lynn, was seven months old. On August 4 Mrs. Nugent asked her husband to permit her to return to the apartment where they had lived to get some personal belongings for herself and for the child, and plaintiff agreed to meet her there. Pursuant to that arrangement, they met at the apartment and defendant had her baby with her. After some discussion, plaintiff refused to let his wife take anything from the apartment. Mrs. Nugent, with her baby then got into an automobile being driven by her husband, with the understanding that he would take her to the apartment to which she had moved. Instead of taking her to that apartment, Mr. Nugent took his wife and baby to his mother's home.
Mrs. Nugent telephoned her attorney shortly after she arrived at the home of plaintiff's mother, and as she started to leave her husband forcibly prevented her from taking the child with her. She then went to a neighboring home and again telephoned her attorney who advised her that she should leave the baby in the home of her mother-in-law overnight and that he would obtain a court order the next day awarding her the custody. Pursuant to that suggestion, Mrs. Nugent left the child with plaintiff's mother that night. No court order was obtained the next day as she expected.
On August 8, Mr. Nugent instituted this separation suit against his wife, and at the time the suit was filed he obtained an ex parte order granting him the temporary custody of the child. No answer was filed to that suit, and plaintiff Nugent obtained a default judgment on September 16, 1969, granting him the separation and awarding him the custody of the child.
Nine days later, on September 25, Mrs. Nugent filed a petition in this suit demanding that she be awarded custody of the child. A rule was issued directing plaintiff *523 to show cause why the custody should not be awarded to the mother, and after trial judgment was rendered on October 15, 1969, awarding custody to Mrs. Nugent.
The child has been in the actual custody of Mrs. Nugent since the date on which the above-mentioned judgment was rendered.
The evidence shows, and plaintiff freely concedes, that Mrs. Nugent is morally fit, is physically able, and is otherwise suitable to care for the child. She lives in a furnished apartment which is completely adequate for her and the child. She is employed by a bank in Alexandria, and she has engaged a capable woman, Mrs. Emmett Johnson, to care for the baby while defendant is at work. The child is in good health, and plaintiff offers no criticism as to the manner in which defendant is taking care of her.
Mr. Nugent also is morally fit to care for the child. He, of course, is unable to give the child the personal attention which she needs, but plaintiff is living with his parents and his mother and his grandmother are willing and able to care for the baby. Mr. Nugent is working for a small loan company, and his employment requires him to be away from home from about 7:00 in the morning until about 8:00 at night.
Defendant, Mrs. Nugent, relies on the general rule that the mother's right to custody is paramount to that of the father. Mr. Nugent argues that since custody of the child was previously awarded to him, Mrs. Nugent cannot obtain a change of custody unless she meets a heavy burden of proof. He contends that defendant has failed to produce sufficient proof to justify the relief which she seeks.
The settled general rule is that the mother's right to the custody of her children, especially when they are of tender age, is preferred to that of the father, and her right to custody should not be denied unless she is found to be morally unfit or otherwise unsuitable. There is a presumption that the best interests and welfare of the children will be served by placing them in the custody of the mother, and it is only in exceptional cases that it will be considered to be to the best interests of the children that their custody be entrusted to the father. Tullier v. Tullier, 140 So.2d 916 (La.App. 4 Cir.1962) and cases cited therein. See also Gentry v. Gentry, 136 So.2d 418 (La.App. 1 Cir.1961).
The paramount question to be considered and answered in determining to whom the custody of the child should be granted is: What would serve the greatest advantage, the best interests and the best welfare of the child? Jackson v. Jackson, 217 So.2d 223 (La.App. 2 Cir.1969); Moose v. Abdalla, 248 La. 344, 178 So.2d 273 (1965); Bush v. Bush, 144 So.2d 119 (La. App. 4 Cir.1962); and LeBlanc v. LeBlanc, 194 So.2d 122 (La.App. 3 Cir.1967).
The trial judge has much discretion in awarding the custody of a child whose parents have been legally separated or divorced, and his conclusions are entitled to great weight. The determinations made by the trial judge as to custody, therefore, will not be set aside unless it clearly appears that there has been an abuse of discretion or unless the judgment awarding custody has been based upon incorrect legal principals. Bush v. Bush, supra; Messner v. Messner, 240 La. 252, 122 So.2d 90 (1960); Guillory v. Guillory, 221 La. 374, 59 So.2d 424 (1952); and LeBlanc v. LeBlanc, supra.
Plaintiff Nugent contends, however, that since a default judgment was once rendered awarding the custody of the child to him, Mrs. Nugent cannot regain the legal custody of the child unless she meets what has sometimes been called a "double burden of proof," that is, she must show that the conditions under which Vicki Lynn was living while he had legal custody were detrimental to her best interests and that Mrs. Nugent could and would provide a good home and better environment for the child.
*524 In Decker v. Landry, 227 La. 603, 80 So. 2d 91 (1955), the husband was awarded custody of his two minor children in 1951. Three years later, in 1954, the wife instituted a proceeding seeking to obtain the custody of those children. The evidence showed that the wife had abandoned the children in 1951, and from that time until 1954 she "never evinced any great desire for them." In 1953 she married an employee of a racetrack, and she proposed that the children live with her and her husband in a trailer, residing a part of the year in New Orleans and a part of it in Detroit. Our Supreme Court recognized that the judgment of the trial court should not be disturbed, and it concluded that it would not be for the best interests of the children to transfer custody to the mother. It thus affirmed the judgment of the trial court which rejected the wife's demand. The basis for its decision is succinctly set out in the last paragraph of the opinion of the Supreme Court, which reads:
"Aside from our reluctance to upset a judgment of a trial court in divorce matters involving the custody of children, see Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456, we have no hesitancy, under the facts of this case, in approving the conclusion of the court below that the environment and living conditions to which the children would be subjected by a change of custody `would not be conducive to their best interests.'"
The court noted in Decker v. Landry, supra, that an award of custody is not irrevocable, and that it is subject to modification at any time when a change of conditions demands it. The court further observed, however, that "it is incumbent upon the party requesting the modification to prove that the conditions under which the children are living are detrimental to their interests and further that the applicant can and will provide a good home and better environment if given their custody." Plaintiff argues that under that rule defendant in the instant suit cannot obtain the relief which she seeks unless she establishes that it would be "detrimental" to the interest of Vicki Lynn to allow her to remain in the custody of Mr. Nugent. He takes the position that defendant has failed to establish that fact. In support of that argument he refers us to the cases of Gentry v. Gentry, supra; Hanks v. Hanks, 138 So.2d 19 (La. App. 1 Cir. 1962); Gary v. Gary, 143 So. 2d 411 (La.App. 3 Cir. 1962); Wells v. Wells, 180 So.2d 580 (La.App. 3 Cir. 1965); Poitevent v. Poitevent, 152 So.2d 256 (La. App. 4 Cir. 1963); and Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969).
In all but two of the cases cited by plaintiff the reviewing court found no abuse of discretion by the trial court, and it thus affirmed the judgment of that trial court. In the two instances where the judgment of the trial court was reversed, the reviewing court found that it was not for the best interests or welfare of the children that the custody be changed. In Gary v. Gary, supra, for instance, the majority found that the children had been in the custody of the father for over three years, and during that time the mother had visited them only at infrequent intervals. In the other case where the award of custody was reversed, Tiffee v. Tiffee, supra, the two children there involved had been separated by the trial court, the custody of one having been given to the father and the custody of the other to the mother. Our Supreme Court felt that it was for the best interests of the children to be raised together in the same home, and it thus awarded the custody of both to the mother. In determining that it was for the best interests of the children to make such an award, the court stated:
"The separation of children of a family, though sometimes necessary, is a custodial disposition that courts seek to avoid. Normally, the welfare of these children is best served by leaving them together, so they can have the full benefit of companionship and affection. When feasible, a court should shape its orders to maintain family solidarity. See Rose v. Rose, La.App., 177 So.2d 659."
*525 It is obvious, therefore, that although Decker v. Landry was followed in each of the cited cases, the decision in each such case was based on the established general rule that the best interests and welfare of the child must be served and that an award of custody by the trial court will not be disturbed unless there has been an abuse of discretion.
In our opinion, the so-called "double burden of proof" rule which originated with the case of Decker v. Landry makes little, if any, change in the longestablished rule that the best interests of the child must be served. It simply is a recognition or restatement of the principle that the burden of proof rests on the party who seeks a change of custody to prove that such a change would be to the best interests of the child. The definition of the word "detrimental," as used in Decker and as it is applied here, is "disadvantageous' or "prejudicial." If it is to the best interests and welfare of a small child that it be placed in the custody of its mother, then it would be detrimental, disadvantageous or prejudicial to the child to refuse to allow the mother to care for it, and instead to place it in the custody of some one else. It is true that one of the important factors to be considered in determining whether a change of custody should be decreed is whether it is to the best interests of the child that it be removed from a home to which it has become accustomed and placed in another. That certainly was a factor which was considered in Decker v. Landry, but it is only one of the many circumstances which must be considered in determining what is best for the child.
The girl child involved in the instant custody suit was cared for by her mother from the time she was born until she was forcibly removed from the mother's care seven months later. The mother has been diligent in her efforts to regain the custody, and she has clearly demonstrated her love for her child. She succeeded in obtaining custody of her baby after the first and only contradictory hearing was held on the issue of custody in October, 1969. The child has been in the home and in the care and custody of the mother since that time. Vicki Lynn is well cared for, and the mother is morally fit and able to raise her daughter.
The law presumes that the best interests and welfare of the child, especially one of tender age, would be served by placing it in the custody of the mother. And, the evidence in the instant suit convinces us that the best interests and welfare of Vicki Lynn would be served by awarding the custody to her mother, Mrs. Nugent. We, in fact, feel that it would be detrimental to the welfare of the child to prevent her from being raised by the mother. The fact that the child has been in the mother's home most of her very young life, and particularly during the past few months, must be considered, since a change in home environment would be required if custody is awarded to the father. And, finally, the trial judge concluded after hearing the evidence that the best interests of the child would be served by awarding custody to the mother. We think the evidence supports his conclusions.
Plaintiff contends further that the trial judge erred in permitting defendant to enlarge her pleadings over the objections of plaintiff, and to introduce evidence outside of and beyond those pleadings.
In the petition which was filed by Mrs. Nugent seeking the custody of her child, she alleges that she is "best able and suited to care for said minor as the mother of said child," that she resides in an apartment which is "best suited for the living conditions of said minor child," that she is "best able to provide for the care, maintenance and upkeep of said child," that she is "gainfully employed," and that she has arranged for a "qualified person of mature age and ability" to care for the child while the mother is at work.
At the trial plaintiff objected to evidence produced by Mrs. Nugent as to events *526 which occurred on August 4, 1969, when the child was taken from her by her husband. He also objected to evidence relating to defendant's efforts to obtain custody after August 4 and before judgment was rendered in her favor on October 15, 1969. His grounds for objecting were that this evidence was outside the pleadings, and that the trial judge erred in overruling his objections.
We have reviewed the record and have concluded that all of the evidence contained therein was admissible under the pleadings. As we have already noted, the material facts on which this decision is based were specifically alleged in Mrs. Nugent's petition. We thus find no error in the rulings of the trial judge.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to the appellant, Wiley C. Nugent, Jr.
Affirmed.
SAVOY, J., dissents for the reason that he is of the opinion that the majority opinion is contrary to the ruling in the case of Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840, and cases cited therein.

On Application for Rehearing.
En Banc.
Rehearing denied.
SAVOY, J., is of the opinion that a rehearing should be granted. This case is contrary to the ruling in Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969).
CULPEPPER, Judge, dissenting from the denial of plaintiff's application for a rehearing.
The majority decision repudiates the so-called "double burden of proof" which is now established in our jurisprudence by a long line of cases, the most recent of which is Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969). I think the rule expressed in these cases is still the law and that we are constrained to follow it unless it is changed by our Supreme Court.
It may be that under the particular facts of this case the double burden of proof is not applicable. The existing temporary custody order in favor of the father was granted in an uncontested default judgment. The mother petitioned within four weeks to change this order. There has never been a full scale hearing of the custody issue, and the circumstances may be such that the mother was without fault in failing to contest the temporary custody order. Under such circumstances, the rationale of the double burden of proof concept may not apply.
However, the majority decision has chosen to repudiate the double burden concept, instead of finding that under the particular facts of this case it does not apply.
For these reasons, I respectfully dissent from the denial of plaintiff's application for a rehearing.