331 So.2d 854 (1976)
Gayle Barrios JOHNSON, Plaintiff-Appellant,
v.
Kenneth Edward JOHNSON, Defendant-Appellee.
No. 10669.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
Rehearing Denied May 24, 1976.
Writ Refused July 2, 1976.
*855 Stanwood R. Duval, Jr., Houma, for plaintiff-appellant.
Ronald L. Myers, Houma, for defendant-appellee.
Before SARTAIN, EDWARDS and PONDER, JJ.
SARTAIN, Judge.
Plaintiff-appellant brings this appeal seeking review of judgment on a rule filed by defendant granting a change in custody awarding defendant, plaintiff's husband, permanent care of the couple's three minor children. We reverse.
Plaintiff filed suit for separation against defendant on October 29, 1974 alleging abandonment and cruel treatment. Judgment by default granting plaintiff a separation *856 a mensa et thoro and further awarding plaintiff the care, custody and control of the minor children as well as alimony and child support in the amount of $500.00 per month was rendered on December 18, 1974.
On January 27, 1975 defendant was found in contempt for failure to comply with the separation judgment insofar as it required him to pay alimony and child support. The judgment sentenced defendant to sixty days in jail, which sentence would be suspended provided defendant made timely payments thereafter. It further ordered judgment in favor of plaintiff in the amount of $1100.00 as past due alimony and child support. Subsequently, on February 14, 1975 defendant filed a rule to reduce alimony and child support claiming to have insufficient income with which to pay the amount ordered in the judgment. This rule was continued at defendant's request without date and no disposition of it appears in the record.
On June 25, 1975, defendant filed the present rule seeking custody of the children alleging adulterous relations on the part of his wife. The matter was set for hearing on July 14, 1975. On July 18, 1975, following the aforementioned hearing, judgment was granted in favor of defendant awarding him custody of the children.
It appears from testimony elicited at the hearing that Mrs. Johnson at that time was employed as a store detective at a local department store. She worked eight hours per day and sometimes as late as ten o'clock p.m. Robert Pontiff, her supervisor at the store, testified that she was very dependable and a good employee.
Mrs. Johnson's children, ages nine, eight and five, were left daily with the baby sitter, Mrs. Lorrie Frazier, from the time at which they left school in the afternoon until Mrs. Johnson returned from work. Mrs. Frazier testified that on several occasions the children would be left overnight. Mrs. Johnson corroborated this testimony herself stating that this was done about twice a month. The children were always picked up the next morning.
Mrs. Johnson admitted to having had sexual relations with one Lawrence LeBouef. Mr. LeBouef testified that he had known Mrs. Johnson for several months and had engaged in sexual relations with her on two occasions, once at her home in the early morning hours when the children were in a separate room asleep and on another occasion at an apartment. He stayed with Mrs. Johnson on one occasion overnight at which time he slept on the couch. Mrs. Johnson testified that this one occasion was prompted by troubles she was having with a neighbor which caused her to fear being home alone.
Several of Mrs. Johnson's neighbors testified to the effect that Lawrence LeBouef's car was seen at the Johnson residence at various times including early morning and late night hours. One Sandra Odom stated that she saw Mr. LeBouef leave at one time with a shaving kit and some clothes. Mrs. Odom's son stated that he was involved in an altercation with Mr. LeBouef at a baseball practice session, which altercation, he stated, was in his opinion unprovoked.
Mr. Johnson testified that he was presently employed as a mud engineer and at times is required to work offshore but never more than seven consecutive days. He stated that his brother's wife and his brother have agreed to watch the children for him on a daily basis and have also agreed to watch them during the weeks that he is required to be offshore. His brother has no children and he and his wife live in a two bedroom apartment. Mr. Johnson's sister-in-law who would be watching the children stated that she had so agreed. When asked about her familiarity with the children she replied that she hardly knew them.
*857 Upon conclusion of the testimony the trial judge rendered judgment in favor of the defendant ordering a change in custody to the husband.
There is no more solid principle found in our law than that which dictates in cases of child custody proceedings that the paramount consideration shall be a determination of what is in the best interest of the children themselves. La.C.C. Art. 157, Fulco v. Fulco, 259 La. 1122, 254 So.2d 603, (1971). In making this determination the law presently resolves the children's best interest in favor of the mother where there has been no former considered decree of custody, unless she be shown morally unfit or otherwise unsuitable. See Fulco, supra. The trial judge's assessment of these interests is entitled to great weight due to his close connexite with the parties involved, and it will not be disturbed absent a clear showing that he abused his great discretion in these matters. Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969). Fulco v. Fulco, supra.
In the present case we do not find the trial judge's decision to change custody of the children from their mother to their father warranted on the face of the record. Furthermore, we are not guided by oral or written reasons setting forth the findings which may have influenced his decision.
At the outset we can not subscribe to appellee's argument that the wife has been shown to be morally unfit. The record reflects that she engaged in sexual relations twice during a nine month period with the same man, once while the children were asleep in another room and once completely out of the children's presence. Our jurisprudence has recognized that one or several acts of adultery with the same paramour does not, per se, render a mother morally unfit who is otherwise suited for custody. Daigle v. Daigle, 222 So.2d 318 (La.App. 1st Cir., 1969); Poole v. Poole, 2/0 So.2d 215 (La.App. 1st Cir., 1973), writ denied, 273 So.2d 295 (La.); Jordan v. Jordan, 294 So.2d 261 (La.App., 1st Cir., 1974), writ refused, 296 So.2d 835 (La.) As pointed out in Fulco, supra, determination of custody is not to be made simply in order to punish a spouse for past misconduct.
In the instant case we feel that the children's best interest would be more appropriately served by remaining with their mother. As noted above, we do not feel that the mother has been shown morally unfit. Likewise, she has not been shown to be otherwise unsuited for custody. Mrs. Frazier, the baby sitter, stated that the children thought highly of their mother and never made reference to any man residing or staying in their mother's household. Mrs. Johnson was well thought of by her employer as well. No testimony was offered to establish any deficiencies in her ability as a mother. She would leave the children with the sitter on occasion overnight, but this appears to be attributable to the sitter who testified that she requested Mrs. Johnson to leave the children overnight if she could not pick up the children before eleven o'clock p.m. In conjunction with this it should be noted that Mrs. Johnson would on occasion work a night shift which terminated as late as ten o'clock p.m.
The father, on the other hand, appears to have been derelict in his duty to support the children as evidenced by his being held in contempt for failure to pay child support. Furthermore, his job requires that he be away from the children for up to seven days at a time. This situation is further aggravated by the fact that his sister-in-law who offered to watch the children during these lengthy intervals was completely unfamiliar with the children and was practically a stranger to them.
On the basis of these facts we conclude that in the best interest of the children they should at this time remain with their *858 mother. The evidence adduced at trial, in our opinion, can justify no other conclusion.
Accordingly, for the above and foregoing reasons the decision of the trial court is reversed and the same is hereby rendered in favor of appellant, Gayle Barrios Johnson, awarding her the permanent care, custody and control of the minor children, Melissa Rhea Johnson, Tracey Leah Johnson, and Kenneth Edward Johnson, Jr. All costs of these proceedings are taxed to the appellee.
REVERSED AND RENDERED.