GULOTTA, Judge.
The defendant-husband appeals from a judgment permitting the legal custody of two minor boys, ages ten and six, to remain with the mother and to reside with her in the state of Arkansas subsequent to the close of the school year, June 1979. The judgment further provides that the physical custody will remain with the father until termination of the school term; that visitation will be allowed to the father in Arkansas during future school terms; and, that the father shall have physical possession of the children in New Orleans during summer vacation, with the mother having visitation rights.
In this difficult custody dispute the trial judge was confronted with the awesome task of ascertaining which of two parents, both of whom had undergone psychiatric care with hospitalization,[1] would be granted custody of the minor children. The trial judge concluded that the best interest of the children would be served by allowing custody to remain with the mother. We cannot say that his judgment constitutes an abuse of discretion.
The husband’s psychiatrist was of the opinion that it would be in the best interest of the children if the custody were allowed to remain with the father.[2] Apparently, *777 according to this doctor’s testimony (which is not too clear) because boys need male identification their interests would be better served by residing with Mr. Pace.
The mother’s psychiatrist, on the other hand, indicated that Mrs. Pacé’s psychiatric problem was temporary. He also stated that he did not know of any reason why the mother should not have custody of the minor children. This expert minimized the need of a father rather than a mother having custody of pre-adolescent boys.
The testimony of these psychiatrists considered, we agree with the trial judge’s evaluation, as set forth in his reasons for judgment, that the psychiatrists “indicate different opinions as to which parent should or should not have custody.” We reject the father’s contention that because the mother’s psychiatrist indicated that the children were receiving a “very good quality of care” with the father that this expert was of the opinion that it would be beneficial for the children to remain with him. An objective analysis of the overall testimony of the mother’s psychiatrist indicates that it was his opinion that the custody of the children should remain with the mother.
We also reject the father’s contention that because the children would reside in Arkansas with the mother, she should be deprived of the custody of the children. The mother testified that her reasons for moving to Arkansas were a better job opportunity, better living conditions, fewer school problems and close proximity of her parents, who lived in Arkansas. Simply because a parent intends to reside with the children outside the territorial jurisdiction of the trial court does not disqualify that parent from custody. The fact that children may reside outside the territorial jurisdiction is one circumstance, among the totality of circumstances, which courts consider in the exercise of their broad discretion in custody matters. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (La.1953); Pattison v. Pattison, 208 So.2d 395 (La.App. 4th Cir. 1968), writ denied, 252 La. 168, 210 So.2d 52 (La.1968). We cannot say under the circumstances in this case that the trial judge abused his discretion.
Finally, we find no merit to the father’s contention that the mother failed to carry the “double burden” of showing that the environment with the father was detrimental to the best interest of the children and that the mother can provide better and more advantageous living conditions.[3]
We are not confronted here with the mother seeking a transfer of custody to her after custody had been granted to the father. The legal custody of the children was granted to the mother and the physical custody was permitted with the father by the mother because of her financial inability to care for the children at the time and because of her temporary psychiatric problems. Under these circumstances, we conclude the double burden rule is inapplicable.
Having found no abuse of the trial court’s discretion, we affirm.

AFFIRMED.

. The defendant-father commenced psychiatric treatment in February of 1977 under the care of Dr. Robert Ancira, Psychiatrist, and was diagnosed as having a “reactive depression secondary to break up of his marriage and an underlying narcissistic personality type.” (A narcissistic personality was defined by the psychiatrist as one who needs an emotional crutch.) According to defendant he was hospitalized for approximately 6 weeks in December 1976 and January 1977 and again hospitalized for his psychiatric problems from February 1977 through April 1977. His psychiatric treatment continued until June 1978.
Mrs. Pace commenced treatment in September 1977 under the care of Dr. Francis A. D’Anzi and was diagnosed as undergoing “a situational depression”. This doctor testified that there were various events in the wife’s life, such as a discordant marriage, living alone, and financial difficulties, which sent her into a state of depression and subsequent hospitalization, but that the “precipitating event” was that “she had broken up with her boyfriend.” She was hospitalized in September 1977 in Touro Hospital and thereafter in Coliseum House for a period of approximately two months. On one occasion Mrs. Pace was treated for a drug overdose which may or may not have been a suicidal attempt. Mrs. Pace remained under psychiatric care until June 1978.

. Temporary custody was placed with the mother in April 1976 and this custody decree was carried over into the December 16, 1976 judgment of separation. In September 1977 *777 because of Mrs. Pace’s hospitalization, the children were permitted to live with the father and that physical custody remained with him through October 13, 1978, the date of the custody hearing.

. Decker v. Landry, 227 La. 603, 80 So.2d 91 (La.1955); Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (La.1969); Holmes v. Holmes, 203 So.2d 897 (La.App. 4th Cir. 1967).