LABORDE, Judge.
This is a child custody dispute. Plaintiff, Tracy Ann Utz, born Watkins, and defendant, Kenneth J. Kienzle were married in June of 1980. There were four children born of this marriage: William C. Kienzle, born November 12, 1980, Justin J. Kienzle, born March 3, 1983, Christopher J. Kienzle, born on July 25, 1984, and Kristin E. Kien-zle, born December 5, 1985. The parties were divorced on December 30, 1986, by a judgment of the District Court of Kay County, Oklahoma. Pursuant to the divorce decree rendered by that court, the care, custody and control of William C. Kienzle, Justin J. Kienzle and Christopher J. Kienzle was awarded to their father, and the care, custody and control of Kristin E. Kienzle was awarded to her mother. Among other things, the divorce decree provided for specific visitation privileges.
Not long after the divorce decree was signed, Tracy married Jeffery Utz. Jeffery Utz works for the family nursery business. Tracy Utz is a homemaker. The couple reside with Kristin in a newly constructed four bedroom house located in Longview, Texas.
Kenneth Kienzle is employed by Conoco in Lake Charles, Louisiana. On April 23, 1988, he married Katie O’Toole, who is the editor of publications for Lake Charles Memorial Hospital. Kenneth and Katie Kien-zle and William, Justin and Christopher live in a three bedroom house in Sulphur, Louisiana.
On February 5, 1988, Tracy Utz filed a petition for change of child custody and for child support seeking sole custody of the three boys or in the alternative, joint custody of the boys. Kenneth Kienzle answered the suit and reconvened seeking sole custody of Kristin, or, in the alternative, joint custody of all the minor* children. Mr. Kienzle also sought an order that all the parties to the litigation and the minor children submit to a evaluation by a competent mental health professional. On March 29, 1988, the trial judge, pursuant to LSA-C.C. art. 146(H), ordered the parties and the children to submit to an evaluation to be conducted by a clinical psychologist, Patricia Post, Ph.D. Dr. Post administered the Minnesota Multiphasic Personality Inventory along with the Sixteen Personality Factor Questionnaire to Jeffery and Tracy Utz and to Kenneth and Katie Kienzle. She also interviewed the four adults and the four minor children. Her findings were detailed in a report submitted to the trial judge and were also revealed through her testimony at the trial of this matter.
Trial was held on September 14 and 15, 1988. After taking the matter under advisement, the trial judge rendered judgment ordering that the custody of the four minor children be granted jointly to Tracy Utz and Kenneth Kienzle. Tracy Utz was made the domiciliary parent with Mr. Kien-zle receiving visitation privileges for every third weekend of the month, every other school holiday, Father’s Day and eight weeks during the months of June, July and August. It was also ordered that the paternal grandmother have visitation privileges with the four minor children on one Sunday a month. The judgment also contains other provisions which do not concern us here today.
Kenneth Kienzle appeals contending that the trial court erred in finding that Tracy Utz met her heavy burden under Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) of proving either that the continuation of the present custody is so deleterious to the children as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by the advantages to the children. Mrs. Utz filed an answer to appeal arguing that the trial court did not have jurisdiction over Kristin Kienzle and its judgment should be modified to remove Kristin from the joint custody order. We reverse the judgment of the trial court and reinstate the original custody decree.
*1290 In Bergeron, supra, the Louisiana Supreme Court set forth the following rule to be applied in custody modification cases:
“... When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. See Bankston v. Bankston, 355 So.2d 58 (La.App. 2d Cir.1978); Languirand v. Languirand, 350 So.2d 973 (La.App. 2d Cir.1977). Cf. Unif. Marriage and Divorce Act, 9A U.L.A. § 409 (1979).”
Bergeron, at 1200. There is no dispute as to the fact that the Oklahoma District Court made a considered decree of permanent custody.
We find that the record clearly does not support a determination that Mrs. Utz met her “heavy” burden of proving that Mr. Kienzle’s custody of the three boys is so deleterious to their welfare that a change of custody is necessary. We recognize that there have been certain changes in circumstances in both parties’ lives, but by and large, these changes have been positive changes, i.e. both parties have remarried and both homes seem to be relatively stable. In fact, in her written report, Dr. Post acknowledged that:
“1. Both of these sets of parents have much to offer the children. Both households are adequate for raising young children, although each parent has a different style of relating to and handling the children. Similarly, each stepparent is quite adequate in the parental role with these children.
2. No clear choice or arrangement is indicated by possible negative effects of either home on the children.”
While Dr. Post’s report and testimony at trial indicated that there were some psychological and social weaknesses in each adult, she generally found that both couples could provide a loving and supportive environment for the children.
Having found that Mrs. Utz clearly did not prove a deleterious change in circumstances, we must now determine whether she proved by clear and convincing evidence that the harm likely to be caused by a change in environment is substantially outweighed by its advantages to the children. The trial judge based his decision to modify the custody order primarily on a finding that the advantages of reuniting the children outweighed any disruptive harm which would follow from the change of environment. In his reasons for judgment, he stated:
“The ‘heavy burden of proof’ factor or stated another way, ‘clear and convincing evidence that harm likely to be caused by change of environment is substantially outweighed by its advantages to the child,’ was presented to this Court. Testimony from Dr. Post, which this Court values, identified the strengths and weaknesses of the parties and the needs of the children. The reunification of the four children was addressed by Dr. Post and this Court finds that the best interests of the children is to [sic] reunited with their mother and step father. The Court also finds that the petitioner, Mrs. Utz, will facilitate a more flexible visitation arrangement and encourage a closer and fuller relationship with their father and his extended family.
There are other factors which were considered by this Court that outweigh the custody of the three boys remaining with the father and those factors deal with the emotional well-being of all the children.”
While we recognize that the trial court is granted a great amount of discretion in child custody determinations, we find that the trial judge was clearly wrong in determining that Tracy Utz had proved by clear and convincing evidence that the harm likely to be caused by the change would be substantially outweighed by the benefits to the children. Burden of proof by “clear and convincing” evidence is an intermediate one which requires that the fact be proven *1291 to a degree greater than that involved in proof by a “preponderance” of the evidence but to a degree less than that involved in proof “beyond a reasonable doubt”; the existence of the disputed fact must be highly probable, that is, much more probable than its nonexistence. Succession of Bartie, 472 So.2d 578 (La.1985).
Tracy Utz chiefly argues that reunification of the children would be so beneficial as to outweigh any detriment caused by the change. We do not think she proved this proposition by clear and convincing evidence. Dr. Post did state in her report and at trial that her preference was that the children be reunited, but she also noted in her report:
“3. It is unfortunate that the three boys and Kristen [sic] were separated from each other, however, it does not appear that the children are significantly distressed at this point by the separation. They enjoy contact with each other and relate well but do not appear to be suffering because of the current arrangement. The long-term effects are that there may be a lessened emotional bond between Kristen [sic] and her brothers because of this living arrangement.” [Emphasis added]
The record does not establish that the advantage of reuniting the children would outweigh the turmoil of the transition to a new home. The likelihood that the boys would suffer some detriment by the move was indicated by Dr. Post’s observation that at least one of the boys, William, is very attached to his father’s home. We are aware that although the separation of children of a family is a custodial disposition that the courts seek to avoid, sometimes it is necessary and in the best interest of the children. Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (La.1969); Wallace v. Wallace, 420 So.2d 1326 (La.App. 3d Cir.1982). We further determine that Mrs. Utz did not prove by clear and convincing evidence that she will facilitate a more flexible visitation arrangement or encourage a closer relationship with the father and his family. In this ease, Mrs. Utz has failed to carry her heavy burden under Bergeron, supra. We also find that Mr. Kienzle, in his reconventional demand, has similarly failed to meet this burden. Therefore, the original custody decree should stand.
Since we have decided that the trial court was in error in modifying the original custody decree, it is unnecessary to examine Mrs. Utz’s claim that the court lacked jurisdiction over Kristin Kienzle.
For the above assigned reasons, the judgment of the trial court is reversed and set aside, and the demands of both parties are rejected and the suit dismissed. All costs are to be borne by Tracy Utz.
REVERSED AND RENDERED.