bSHORTESS, C.J.
Veronica Suzanne Howze and Malcolm Terry Howze were married on June 11,1988, *587 in Livingston Parish. Two children were born of the marriage: Mitchell Cole Howze (Mitch), born September 7, 1991, and Matthew Aron Howze (Matthew), born March 25, 1996.
On February 23, 1998, Mrs. Howze filed for divorce. She sought temporary custody of the children. On March 5, 1998, before Mr. Howze was served with the petition, the court held a hearing on the temporary custody issue and awarded temporary custody of both children to Mrs. Howze during the pen-dency of the proceedings. Mr. Howze was not present and did not participate in the hearing.
After Mr. Howze was served with the petition, he filed an answer and reconventional demand seeking sole custody of the children or, alternatively, joint custody with himself as designated domiciliary parent. A hearing was held March 30, 1998, after which the trial court rendered judgment awarding joint custody, but designating Mr. Howze as the domiciliary parent of Mitch and Mrs. Howze as the domiciliary parent of Matthew, with the children being together on the weekends during visitation.
Mrs. Howze appeals this judgment, contending the trial court erred in naming Mr. Howze as Mitch’s domiciliary parent. She argues that the temporary custody order was a “considered opinion,” that the Post-Separation Family Violence Relief Act prohibits Mr. Howze from having custody of the children, and that the trial court failed to apply the best-interest-of-the-child standard and the “family solidarity doctrine.”
Mrs. Howze seeks to have the court consider the temporary custody order a “considered decree” because Mr. Howze would then have a heavy burden to show custody of the children with Mrs. Howze should be changed.[1] A considered decree is an award of permanent custody made after the trial court receives evidence of parental fitness' to exercise care, custody, and control of the children.[2] Since the award of custody to Mrs. Howze was only temporary, it cannot be a considered decree. The standard to be applied is the best interest of the child.[3]
bMrs. Howze also contends she presented sufficient evidence of acts of family violence by Mr. Howze such that the Post-Separation Family Violence Relief Act[4] should apply. That Act creates a presumption that no parent who has a history of perpetrating family violence shall be awarded custody. It also restricts visitation by a violent spouse.
Mrs. Howze never requested relief under the Act in her petition, nor did she raise it at the trial court level. We, as a court of review, do not address matters that were not addressed by the trial court.[5] Therefore, we pretermit discussion of the Act as its application is not properly before us.
Finally, Mrs. Howze contends that naming Mr. Howze as Mitch’s domiciliary parent was not in his best interest and was in contravention of the family solidarity doctrine set forth by the Louisiana Supreme Court in 1969 in Tiffee v. Tiffee.[6] In that case, the supreme court stated that separation of siblings should be avoided, although it is sometimes necessary. The court explained, “Normally, the welfare of these children is best served by leaving them together, so they can have the full benefit of companionship and affection. When feasible, a court should shape its orders to maintain family solidarity.”[7]
The trial court was aware of this doctrine. In making its determination, the court stated, “I agree ... that under most circumstances, 99% of the time, I’m with you, I don’t like splitting them up, don’t like it, I don’t think it’s good.” The court went on to determine, however, that under the peculiar *588 facts of this case, it was in the children’s best interest to separate them during the week.
The trial court was very concerned about Mitch’s education and the difficulties Mrs. Howze has getting him to school. Mrs. Howze testified she had sole responsibility for getting Mitch to school between August 1997 and February 1998. During that time he was tardy twenty-one times and absent fifteen. During the thirty-day period prior to trial, while she had temporary custody, Mitch was tardy four times and absent twice. Furthermore, Mitch’s grades declined when Mrs. Howze moved him to a different ^school. Although Mrs. Howze testified Mitch was doing well in school, the school papers entered into evidence were far from exemplary.
The trial court also noted the close relationship between Mitch and his father and his paternal grandparents, who live within walking distance of Mr. Howze’s home. Although Mrs. Howze testified she thought both boys were closer to her than to their father, Mr. Howze testified that whenever Mrs. Howze picked Mitch up after visitation, Mitch always begged to stay with him.
The trial court has great discretion in an award of custody.[8] We find no abuse of discretion in the trial court’s naming Mr. Howze as domiciliary parent of Mitch. We affirm the judgment of the trial court. Costs of this appeal are' assessed to Mrs. Howze.
AFFIRMED.
WHIPPLE, J., dissents for reasons assigned.

. Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La.1986).

. Darnall v. Darnall, 95-169, p. 5 (La.App. 3d Cir. 5/31/95), 657 So.2d 387, 390.

. La. C.C. art. 131.

.La. R.S. 9:361.

. Segura v. Frank, 93-1271, p. 15 (La.1/14/94), 630 So.2d 714, 725.

. 254 La. 381, 223 So.2d 840 (1969).

. 254 La. at 387-388, 223 So.2d at 843.

. Matthews v. Matthews, 633 So.2d 342, 347 (La.App. 1st Cir.1993).