1 WHIPPLE, J.,
dissenting.
I find that the overwhelming consideration in this case is the separation of these young brothers. Separation of siblings is a hard choice, which should not be frequently approved. See Lee v. Davis, 579 So.2d 1130, 1133 (La.App. 2nd Cir.1991). Upon review of the record, even considering the vast discretion of the trial court in custody matters, I am unable to conclude that the circumstances of the present case justify a separation of Mitchell and Matthew. Instead, on review, I find the trial court placed undue emphasis on the temporary decline in Mitchell’s grades and the past tardiness as factors to justify the separation of these young boys. Moreover, the record shows that the trial court erred in placing the interests of the grandparents ahead of Mrs. Howze’s interests. Certainly, the interests of the paternal grandparents in fostering their relationship with Mitchell are not paramount to the mother’s right to domiciliary custody. Additionally, while Mitch may have suffered a decline in his academic performance after changing schools mid-year, Mrs. Howze testified that at the time of the hearing, Mitchell was doing well in school and was well-adjusted.
Finally, I am unconvinced by the trial court’s reliance on the age difference of the boys as providing justification for splitting up these children. Mitchell and Matthew are full blood siblings of the same gender with an age difference of approximately four years. This age gap is not so large as to preclude these young boys from sharing similar interests and from deriving great benefit and comfort from living together as part of a family unit. See Lee, 579 So.2d at 1133.
_|The ultimate issue in a custody dispute is the best interest of the children. Clearly, it is in the best interest of these children that they remain together, absent some showing of an overwhelming need to separate them, which was not established herein. I recognize that the trial court has great discretion in an award of custody. Matthews v. Matthews, 633 So.2d 342, 347 (La.App. 1st Cir.1993). Nonetheless, on this record, I find that the trial court abused that discretion in separating these brothers.
Mrs. Howze avers that the trial court erred in splitting the custody of the two children between the parents, in violation of the “Family Solidarity Doctrine” enunciated by the Louisiana Supreme Court in Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969). I agree.
In Tiffee, the Louisiana Supreme Court noted:
The separation of children of a family, though sometimes necessary, is a custodial disposition that courts seek to avoid. Nor *589 mally, the welfare of these children is best served by leaving them together, so they can have the full benefit of companionship and affection. When feasible, a court should shape its orders to maintain family solidarity.
Tiffee, 254 La. 381, 387-888, 223 So.2d 840, 843 (1969).
Accordingly, Mrs. Howze should have been designated domiciliary parent for both children. Thus, I would reverse the portion of the trial court’s judgment designating Mr. Howze as domiciliary parent of Mitchell.