312 So.2d 149 (1975)
Leon WHATLEY, Jr.
v.
Nancy L. WHATLEY.
Nancy L. NORMAND
v.
Leon WHATLEY, Jr.
Nos. 10169, 10170.
Court of Appeal of Louisiana, First Circuit.
March 10, 1975.
Rehearing Denied May 20, 1975.
*150 L. Todd Gremillion, Baton Rouge, for appellant.
Stacey Moak, Baton Rouge, for appellee.
Before LANDRY, BLANCHE and YELVERTON, JJ.
LANDRY, Judge.
Nancy L. Normand (Appellant), divorced wife of Leon Whatley, Jr. (Appellee), appeals from judgment, in favor of Appellee, making executory an Arkansas divorce obtained by Appellant, and confirming permanent custody of children of the marriage allegedly granted Appellee by the foreign decree. Appellant's action for a writ of habeas corpus was consolidated with Appellee's suit to make the Arkansas decree executory. We affirm the result reached by the trial court.
The primary issue presented by this appeal is whether the Arkansas decree adjudicated the issue of custody and properly awarded custody of the two minor children of the marriage to Appellee, their father. Resolution of this issue determines wherein lies the burden of proof in the custody proceeding and the consolidated habeas corpus proceeding instituted by Appellant.
In essence Appellant contends this is an initial custody proceeding in which the *151 wife is preferred by law, and presumed fit in the absence of the husband's showing of unfitness. Appellant so contends on the premise that the Arkansas decree did not adjudicate the question of custody. Alternatively, Appellant maintains the Arkansas court lacked jurisdiction of the persons of the minors, and was therefore without authority to litigate the question of custody. Appellant also contends that being presumed fit to have custody she should have been given custody because Appellee has failed to prove her unfitness as required by law.
Conversely, Appellee urges that the Arkansas decree did in fact adjudicate the question of custody, and that the Arkansas Court possessed jurisdiction over the persons of the minors. On this basis, Appellee urges the validity of the Arkansas decree. Appellant also contends, on authority of Decker v. Landry, 227 La. 603, 80 So.2d 91 that the Arkansas judgment of custody imposes on Appellant the double burden of establishing a detrimental change in the home environment of the minors since initial custody was granted, and showing that Appellant is willing and able to provide a better home environment, which Appellant failed to do.
The parties were married February 4, 1965. Of the union, two children were born, namely, Mary Elizabeth Whatley and Leon Whatley, III, ages 8 and 5, respectively, at the time of trial. In June or July, 1971, Appellant and Appellee separated. Although Appellant is the one who left the matrimonial domicile, the cause of the breach between these parties is a bitterly contested issue. It suffices to say the testimony of the litigants is diametrically opposed, each alleging incredibly grave acts of immorality on the part of the other.
Appellee contends Appellant abandoned the children on the day of the separation. Appellee also contends that, assuming Appellant can show a detrimental change in the environment of the children, Appellant is a morally and mentally unfit person to care for children of tender years.
Appellant concedes that when she left the matrimonial domicile, she voluntarily placed the children in the care of their paternal grandparents who lived on a farm near Centreville, Mississippi. Appellant explained that she did so at the request of the elder Mrs. Whatley who wished to have the children as company for their gravely ill paternal grandfather. Appellant also testified that she agreed to this arrangement on a temporary basis because Appellant realized she was then emotionally upset and was not financially able to properly care for the children's needs. After placing the children with their paternal grandparents, Appellant went to Metairie, Louisiana, where she lived with her parents.
On an undisclosed date following the separation, the parties mutually agreed upon a divorce. Together they consulted a Baton Rouge, Louisiana, attorney, now deceased. Upon the attorney's advice, Appellant instituted proceedings for divorce in Chicot County, Arkansas. Appellee provided funds to defray the cost of the suit. While the Arkansas proceedings were pending, Appellee, on advice of the Louisiana attorney, executed a power of attorney authorizing a named Arkansas attorney to represent Appellee in the divorce action. This power of attorney provided, in pertinent part, as follows:
"We have agreed that I have custody of our two minor children for nine months and my wife will have custody for three months plus all holidays and weekends, on alternate weekends."
It is undisputed that during the time of the separation, and until mid-July, 1972, Appellant visited the children regularly, on alternate weekends.
The Arkansas decree awarding Appellant a final divorce was rendered October 12, 1971. Following this judgment, Appellant *152 married her present husband, Gaston Normand, on October 28, 1971. After their marriage, the Normands established a matrimonial domicile in Baton Rouge, Louisiana. It is conceded that Normand was quite friendly with Appellee for some time prior to the separation between Appellant and Appellee. Although Appellee maintains that Appellant and Normand were having an illicit affair while Appellee and Appellant were married and living together, it is undisputed that Appellee provided funds for Normand to obtain an Arkansas divorce from Normand's wife at the same time that Appellant filed for an Arkansas divorce from Appellee. We also find that if there were any improper relations between Appellant and Norman during the marriage in question, it was with Appellee's knowledge and approval.
Before her marriage to Normand, Appellant obtained employment with a health studio in Baton Rouge, in which endeavor Appellant is presently engaged. In January, 1973, Appellant was transferred to Biloxi, Mississippi, where she remained until she was transferred back to Baton Rouge, in June, 1974. While in Mississippi, Appellant purchased a home in which she resided until her return to Baton Rouge. She still owns and rents out the Mississippi residence. Because of Mr. Normand's work, he did not move to Mississippi when Appellant was transferred there. During this enforced separation, the couple maintained contact by visiting each other on weekends. Mr. Normand owns a home in Baton Rouge. However, because the house is in ill repair, the Normands presently live in an apartment situated in Baker, Louisiana. Appellant is presently employed at a salary of $12,000.00 per year. Mr. Normand, a construction work carpenter, earns approximately $10,000.00 annually.
In June, 1972, Appellant took possession of the children for what she considered would be her three months of custody. While the children were with her, Appellant enrolled them in a private school in Metairie, Louisiana, commencing with the fall, 1972 term. On July 14, 1972, at Appellee's request, Appellant brought the children to Appellee's parents' house in Baton Rouge, Louisiana. Appellee refused to permit the Appellant to again take custody of the children.
Appellant maintains she was tricked by Appellee into delivering the children to him by Appellee's promise of financial assistance. She also asserted that Appellee learned of her enrolling the children in a Metairie school, and that his refusal to allow her further possession was motivated by Appellee's desire to deprive Appellant of primary custody. Appellee denied having tricked Appellant into surrendering possession of the children. He contends he declined to return the children to Appellant who was then unfit to have custody of the children. Appellee also stated he was aware that Appellant was scheduled for surgery which would incapacitate her and also, that if Appellant removed the children, Appellant would place them with Appellant's mother in Metairie while Appellant resumed living in Baton Rouge.
Appellee's suit to make the Arkansas decree executory was filed August 21, 1972. The allegations therein include the assertion that the Arkansas decree granted Appellee permanent care and custody of the minors, subject to Appellant's right of reasonable visitation. Appellant responded with numerous declinatory exceptions, including lack of jurisdiction of the subject matter. Considerable legal maneuvering followed, none of which relates to the issues on appeal. On April 3, 1973, Appellant instituted habeas corpus proceedings to obtain custody of the children. A hearing of these consolidated matters was held July 3, 1974. Judgment was rendered recognizing the Arkansas decree to be valid, awarding Appellee custody of the children, granting Appellant visitation rights conformably with a prior written stipulation between the parties, which stipulation had been approved by a prior decree, and dismissing Appellant's application for writs of habeas corpus.
*153 We agree with Appellant's contention that the Arkansas decree did not purport to decide the question of custody. Said judgment contains three paragraphs of factual findings, and a decretal paragraph, the pertinent parts of which read as follows:
"The court further finds that there are no property rights to be settled but that two children were born to their union, namely: Mary Whatley, age 5; and Leon Whatley III, age 1½ That said children are with the defendant, subject to reasonable visitation rights of the plaintiff.
* * * * * *
"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by the court that the plaintiff, Nancy L. Whatley, be and is hereby awarded an absolute divorce from the defendant, Leon Whatley, Jr., and the bonds of matrimony heretofore existing between them are cancelled, set aside and forever held for naught."
We think it clear that the Arkansas Court was not called upon to decide the custody issue. Although the power of attorney executed by Appellee indicates the parties agreed upon a custody solution, its existence was merely noted by the Arkansas Court; the judgment contains no decretal language indicating intent to formally award custody of the children to either party.
It is also of significance that the record discloses beyond doubt that the children in question were never in Arkansas during the pendency of the divorce action, and at no time appeared before the Arkansas Court. Under these circumstances, it is clear that the Arkansas Court was without jurisdiction over the person of the minors, and therefore lacked jurisdiction to decree their custody. Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577.
Since the Arkansas decree did not determine custody of the children, this present matter must be deemed an initial custody disposition. LSA-C.C. art. 157, subd. A provides that in cases of separation or divorce, custody of children of the marriage is granted to the party who obtained the separation or divorce, unless the best interest of the children dictates otherwise.
The paramount concern of the court in custody proceedings is the best interest and welfare of the children, which basic premise prevails over all other considerations. Malone v. Malone, La.App., 271 So.2d 598. Notwithstanding the provisions of LSA-C.C. art. 157, subd. A, our jurisprudence is settled to the effect that the mother is preferred in a custody proceeding unless she be shown to have forfeited her right to custody by indulging in conduct or living under circumstances which create a home environment detrimental to the best interests of the children. Jones v. Timber, La.App. 247 So.2d 207. Where children of tender years are concerned, it is presumed their best interests are served by an award of custody to the mother, unless the mother be shown to be morally unfit or otherwise unsuitable. Abreo v. Abreo, La.App. 267 So.2d 240. Writs granted and reversed on facts, 281 So.2d 695.
On appellate review, the determination of the trial judge in child custody matters is entitled to great weight. Considerable discretion is vested in the trier of facts in cases of this nature, and his exercise thereof will not be disturbed on review in the absence of a showing of a clear abuse of said discretion. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603.
In this instance, the trial court found that the minors in question were living with their father who occupied a four bedroom trailer home together with his present wife and her two children of a prior marriage. It appears the children are thus leading a wholesome life under *154 quite acceptable circumstances notwithstanding Appellant and her husband have a combined greater income than that of Appellee.
The record shows that if Appellant were granted custody, the children would live with Appellant and Mr. Normand together with Mr. Normand's child of a previous marriage. However, it also appears that the trial court entertained some doubt concerning Appellant's present emotional status, and also entertained some apprehension concerning the stability of Appellant's present marriage. Under the circumstances, we not only find no abuse of the discretion vested in the trial court in matters of this nature, but we are also inclined to agree with the conclusion reached below.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.