324 So.2d 562 (1975)
Kenneth W. MEYERS
v.
Barbara Lynn Duhe MEYERS.
No. 10449.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
Rehearing Denied January 12, 1976.
Writ Refused March 12, 1976.
Richard L. Muller, Covington, for appellant.
Marion B. Farmer, Covington, for appellee.
Before LANDRY, COVINGTON and BARNETTE, JJ.
LANDRY, Judge.
Plaintiff, Kenneth W. Meyers (Appellant), appeals judgment awarding defendant, Barbara Lynn Duhe Meyers (Appellee), custody of the minor child, Karen Meyers, born November 5, 1969, issue of the marriage between these parties. The trial court based its decision on the premise that the mother, not having been shown to be unfit to have custody, was entitled to custody as a matter of law. We affirm.
*563 On December 18, 1972, Appellant obtained a decree of separation from Appellee, which judgment made no award of custody of the Minor, Karen Meyers. At the time of the decree, the child, then slightly more than three years of age, resided with the mother. On or about January 1, 1974, Appellee voluntarily surrendered the child to Appellant, who retained custody until the trial court awarded custody to Appellee. At the close of the hearing, the trial court took the matter under advisement for a period of ninety days and, in open court, ordered an investigation made by the State Department of Welfare and a report thereof submitted to him. Neither Appellant nor Appellee objected to the investigation ordered by the trial court. On appeal, however, Appellant complains that the trial court considered a confidential Welfare Department report not made available to Appellant.
Subsequent to the separation between these parties, Appellee has lived in five or six different locations. When she surrendered the child to Appellant in January, 1974, Appellee was then living with her parents. Also since the separation, Appellee has held several different jobs, primarily in restaurants or similar places of business. At the time of the custody hearing, Appellee rented and shared a three bedroom house with her married and divorced sister and the sister's three year old daughter. Appellee is presently employed at a feed and seed store where she earns $100.00 weekly. Appellee testified she voluntarily surrendered Karen's custody to Appellant because at that time, Appellee had been unemployed for about two months.
Since obtaining custody of Karen in January, 1974, Appellant has maintained a home for himself and the child in a two bedroom apartment which also has a kitchen, bath and small front porch. The front bedroom, formerly a living room which afforded entry to the apartment, was converted by Appellant into a bedroom for Karen. Appellant is employed by an establishment which sells automobile parts. He earns a salary of $125.00 per week.
In cases involving custody, especially custody of children of tender years, the mother is preferred and will be awarded custody unless she is shown to be morally unfit or otherwise unsuitable. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603; Estes v. Estes, 261 La. 20, 258 So.2d 857; Malone v. Malone, La.App., 271 So.2d 598.
Notwithstanding the preference accorded the mother in custody cases, the paramount consideration in such matters is the best interest of the child or children concerned. Malone v. Malone, above; Gulino v. Gulino, La.App., 303 So.2d 299.
Custody is not to be denied a mother unless she has been shown to be morally unfit or otherwise unsuitable to have custody. A mother who has not been shown to be unfit may be deprived of her right to custody only in exceptional cases where it appears that the best interest of the child will otherwise be served. Gulino v. Gulino, above.
In custody cases, considerable discretion is vested in the trial court whose determination will not be disturbed except on a showing of manifest error. Fulco v. Fulco, above; Estes v. Estes, above.
The present record discloses evidence of indiscretions and immaturity on the part of both parents. Appellee has shown some degree of instability in that she has frequently changed residences and employment. Appellant introduced testimony of several witnesses who variously characterized Appellee as a careless or below average housekeeper from the standpoint of neatness and orderliness. Appellant also produced witnesses who attested to having been intimate with Appellee, and one witness who allegedly observed Appellee in a compromising situation with a third party. Appellee denied all such accusations. On the other hand, Appellee produced her parents, with whom Appellee and Karen *564 lived for a time, and a disinterested third party acquaintance, all of whom attested to Appellee's good morals, and also to the fact that Appellee was a good mother. The record shows that while Karen was in Appellee's custody, the child regularly attended a reputable kindergarten during Appellee's working hours, the kindergarten being the same one the child attended while in Appellant's custody. We also note in the record some evidence of slight neglect on Appellee's part of the child's clothing and personal appearance on more or less isolated occasions.
Appellant, as did Appellee, professed his love for his child and desire for her permanent custody. Appellant concedes his friendship and intimacy with a divorcee who has three children, including a girl of the approximate age of Karen. Appellant also acknowledges his intent to marry this party when Appellant is ultimately free to remarry. Appellant's fiancee attested her desire and willingness to rear Karen along with her own children. It was brought out, however, that in February, 1972, Appellant plead guilty to the offense of neglecting his said minor daughter by failing to support her despite her being in necessitous circumstances. In fairness, however, it must be noted that while Karen was in Appellant's custody, he was indeed a faithful and devoted parent.
We agree with the trial court's determination that Appellee has not been shown to be unfit to have custody of her minor daughter, and that neither do the circumstances otherwise dictate that the child's best interests will be served by awarding custody to the father. We find the result reached to be well within the discretionary limits vested in the trial court in matters of this nature.
Appellant complains of the trial court's considering a report of the State Department of Welfare in determining the custody issue herein presented, which report was not made available to Appellant and which does not constitute part of the record herein.
Our courts have, on prior occasions, held such reports inadmissible as hearsay in custody proceedings when proper and timely objection is made thereto. See Murray v. Murray, La.App., 220 So.2d 790; Le-Blanc v. LeBlanc, La.App., 194 So.2d 122; Lyckburg v. Lyckburg, La.App., 140 So.2d 487.
However, in this instance, the trial court made it clear that it would request and consider such a report prior to making its decision in this instance, and Appellant made no objection thereto. A litigant may not initially complain on appeal of an alleged trial court error in the absence of an objection thereto at trial level.
The judgment of the trial court is affirmed at Appellant's cost.
Affirmed.