339 So.2d 1275 (1976)
Bernie Mike HOWARD, husband
v.
Cheryl Brown HOWARD, wife.
No. 10920.
Court of Appeal of Louisiana, First Circuit.
November 15, 1976.
Barron Whipple, Houma, for plaintiff and appellee.
A. D. O'Neal, Jr., Houma, for defendant and appellant.
Before LANDRY, EDWARDS and COLE, JJ.
COLE, Judge.
Plaintiff-appellee, Bernie Mike Howard, filed suit seeking a separation from his wife, Cheryl Brown Howard, and the permanent custody of their infant, Saca Jewea *1276 Howard, issue of the marriage between the parties. After a hearing on the custody question, the trial judge on March 3, 1976, granted the father the permanent care, custody and control of the child. Defendant-appellant, Cheryl Brown Howard, appeals this award of permanent custody to the father. We affirm.
The question presented is whether the trial judge abused his discretion in awarding permanent custody to the father.
The record discloses that prior to the marriage of the parties appellant had a history of erratic behavior. In June, 1972, due to her uncontrollable behavior, she was committed to the Department of Corrections facility for juveniles (L.T.I.) upon the complaint of her aunt with whom she lived. Appellant remained at L.T.I. until October of 1972 when she was released because she was pregnant. In May, 1973, after the birth of an illegitimate child, she was recommitted for the same reasons. In March of 1974 she was released on parole to a foster home. Upon complaint of the foster mother, Mrs. Josie Austin, the appellant was called before the court again for her uncontrollable behavior. At this time in July, 1974, it was decided that the appellant, then fifteen years old, would be allowed to marry the appellee. This marriage occurred in August of 1974.
The child in question, Saca Jewea Howard, was born in August of 1975. The infant was in the care of her parents until the appellant abandoned the matrimonial domicile in January, 1976. On January 21, 1976, appellee was granted the temporary custody of the child. Since that time, the child has been living in the home of the appellee's mother who is caring for her.
Currently, the appellant is on parole status from L.T.I. and is seventeen years old. She has no apparent source of income and has made no serious effort to obtain employment. Further, the appellant was not able to testify as to where she or her illegitimate child have been residing during the months since she left the matrimonial domicile. Evidently her illegitimate child has been moved from place to place with no stable environment. In fact, it is not even clear whether she has been taking care of this child or leaving the child in the care of others. The record discloses that on occasion she has left her illegitimate child in the care of others for long periods to go on social outings with her friends.
Appellant testified that if she is awarded custody, she would reside in the home of Mrs. Austin, her foster mother. Mrs. Austin testified that she lives in a three-bedroom house with her three daughters, ages eighteen, twenty-one and twenty-three, and her son, age seven. Two of her daughters have children, ages three and four, who live at the same residence. Also residing in the home is a foster child. Thus, there are currently eight people in the house, not including the appellant and her two children.
Appellee, Bernie Mike Howard, is twenty-seven years of age and has been gainfully employed for four years at Wonderland Day Care Center, which is a day care center for the mentally retarded. Appellee lives in a house trailer with appellant's brother and sister. Since gaining custody of his infant daughter, he has placed her in his mother's home for care and has provided money for her support. Mrs. Howard, appellee's mother, testified that the appellee visits the child several times a day, both before and after work. Mrs. Howard owns her own home and lives there with her mother, her retarded daughter, and her granddaughter whose mother is dead.
Appellant alleges that the trial court abused its discretion in granting the permanent care, control and custody to the appellee.
In cases involving custody the paramount consideration in determining to whom custody should be granted is necessarily the welfare of the children. While the general rule is that the best interest of the children will be served by granting custody to the mother, in cases where it is shown that the mother is morally unfit or otherwise unsuitable to have custody, the best interest of the child may dictate that *1277 custody be denied her. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971); Meyers v. Meyers, 324 So.2d 562 (La.App. 1st Cir. 1975); Whatley v. Whatley, 312 So.2d 149 (La.App. 1st Cir. 1975).
In custody cases the determination of the trial judge should be accorded great weight, for he is in a better position to determine the best interest of the child based upon his overview of the conduct and character of the parties. Therefore, his exercise of discretion will not be disturbed except upon a clear showing of an abuse of the discretion accorded him. Fulco, supra.
The record discloses that the appellant has demonstrated that she is unsuitable at the present time to have custody. She cannot or will not provide a stable physical environment for her illegitimate child in that she has no apparent residence nor any apparent means for her own support or that of the child. Also, it appears that she has made no serious effort to gain employment. Further, her erratic behavior demonstrates an immaturity and an inability at this time to accept the responsibilities imposed by the care of small children. If appellant were granted custody, the child would, at best, reside in a three-bedroom home with ten other people of various relationships.
Appellee, on the other hand, has demonstrated a greater degree of stability in maintaining employment for a period of four years and providing financially for the support of his child. He has demonstrated his concern for the welfare of the child by placing the child in the care of his mother and by visiting her several times a day. By placing the child in the care of his mother, appellee has provided her with the most stable environment available to the parties.
For the reasons stated above, we find the result reached by the trial court to be correct and well within the discretionary limits accorded the trial judge in custody cases.
The judgment of the trial court is affirmed, at appellant's costs.
AFFIRMED.