LANDRY, Judge.
This is a custody action in which Erline Wright Creary (Appellant) appeals from judgment awarding permanent care, custody and control of her four year old daughter to Appellant’s former husband, who is the child’s father. We affirm.
On January 21,1977, Appellee obtained a final divorce from Appellant on grounds of adultery. In the divorce action, Appellant was granted custody and control of the minor Monica Creary, despite the fact that Appellant was then admittedly living in open adultery and the child was residing with Appellant and her paramour. Although visitation rights were specified in the custody award, Appellee received no cooperation from Appellant concerning visitation and frequent disputes arose concerning the husband’s visitation privileges.
Following the divorce and award of custody to her, Appellant allowed her paramour to occupy her home in which Appellant lived with her daughter. This arrangement continued until sometime in February, 1977, when the paramour moved out of Appellant’s home but continued to see Appellant. In March, 1977, Appellee instituted a rule for custody and a rule for contempt against Appellant because of Appellant’s consistent refusal to honor court awarded visitation privileges. Pursuant to a hearing held on this rule, custody of the child was awarded to the father.
At the time of the divorce, the child was enrolled in a day school in which she received excellent care. Following the divorce, the father began dating an employee of the school. The record shows that Appellant went to the school, raised a scene, gave orders that the party whom her ex-husband was dating was to have no contact with Appellant’s child. Appellant’s conduct was such that the owner of the school requested Appellant to take the child elsewhere. The head of the school testified that on occasions when the father brought the child to school, he appeared to be a most caring parent and was genuinely concerned for the welfare of the child. The trial court found that the best interest of the child required a change in custody.
Appellant’s prime argument is to invoke the double burden rule. In so doing, Appellant notes that there was no change in the child’s circumstances between the award of custody to her and the change to the father. Therefore, it is contended, she should retain custody.
In a child custody case, the paramount concern of the court is the welfare of the child or children concerned. This consideration surpasses all other aspects of such cases. Bushnell v. Bushnell, 348 So.2d 1315 (La.App. 3d Cir. 1977); Bourque v. Leger, 322 So.2d 784 (La.App. 3d Cir. 1975); Meyers v. Meyers, 324 So.2d 562 (La.App. 1st Cir. 1975).
A trial court is vested with considerable discretion in making an award of child custody and its determination in such a matter will not be disturbed on appeal except on a showing of manifest error and abuse of such discretion. Stevens v. Stevens, 340 So.2d 584 (La.App. 1st Cir. 1976); Meyers v. Meyers, above.
We find no abuse of the trial court’s discretion in this instance.
The judgment is affirmed at Appellant’s cost.
Affirmed.