388 So.2d 70 (1980)
Carlton W. TRAYLOR
v.
Shaire Anderson TRAYLOR.
No. 13444.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
*71 Michael W. Lee, Livingston, for plaintiff-appellee.
Velma P. O'Neal, Hammond, for defendant-appellant.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
Appellant, Shaire Anderson Traylor, appeals the trial court's judgment awarding her former husband, Carlton Traylor, custody of their child.
Carlton Traylor and Shaire Anderson Traylor were divorced in November, 1979. Laramie, age 2, was the only child born of the marriage.
In October of 1979, a hearing was held on a custody rule filed on behalf of Mr. Traylor. After the hearing, the trial judge found that the best interest of the child would be served by awarding permanent custody to Mr. Traylor.
From this finding, Mrs. Traylor appeals contending that she was not shown to be unfit and therefore the trial judge erred in awarding custody to Mr. Traylor. We affirm.
La.C.C. art. 157, as amended by Act No. 718 of 1979, in pertinent part provides:
"A. In all cases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent. Such custody hearing may be held in private chambers of the judge. The party under whose care the child or children is placed, or to whose care the child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died."
Thus, the primary consideration is the best interest of the child, without any preference being given on the basis of the sex of the parent.
After careful review of the entire record, we agree that the child's welfare will best be served by awarding custody to the father. There is evidence in the record that Mrs. Traylor used excessive alcohol and engaged in illicit relationships which was denied by Mrs. Traylor and her witnesses.
The trial judge considered the conflicting testimony and felt that Mr. Traylor would provide Laramie with the more desirable home environment. The trial judge is in a better position to determine the best interest of the child and his determination must be accorded great weight. Howard v. Howard, 339 So.2d 1275 (La.App. 1st Cir. 1976).
We discern no abuse in the award of custody made by the trial court and the judgment is affirmed at appellant's costs.
AFFIRMED.