PONDER, Judge.
Mrs. Carlyn Hughes Camelo has appealed the award of child custody to her former husband.
The sole issue is the propriety of that award. We affirm.
Mrs. Camelo was granted custody of the minor children, Christian and John Camelo in the separation. The divorce continued this award.
After hearing a rule for change, the trial court gave custody to the father but prohibited his taking the children from Louisiana. On appeal Mrs. Camelo contends that the trial court erred in finding that the father was the better guardian and that it was in the best interest of the minor children to grant their custody to him.
Mrs. Camelo met and corresponded with an inmate at St. Gabriel Prison. Upon his release from prison, the couple lived together out of wedlock. During this period, although John Camelo, appellant’s sixteen year old son, was in Mrs. Camelo’s legal custody, he began living with his paternal grandparents. The ten year old daughter, Christian, lived with her mother and Mr. Ryder when they first began to cohabit but was sent to her father’s house when the affair began to deteriorate.
*175 The record further shows that for several years the mother had not been able to provide a stable environment for her child, Christian. She had little or no regular income of her own other than the child support payments and was therefore unable to provide wholesome living arrangements.
It is true that Mrs. Camelo has recently ceased to live with Mr. Ryder, that she is presently employed, or about to be employed, by her sister and brother-in-law, and that she has started to attend church. However, these major changes in her life occurred shortly prior to the hearing on the custody matter.
Mr. Camelo, although he had had a longstanding, respectable job at a bank, has recently left his job to follow the career of a professional poker player in Las Vegas. Despite this, however, it was shown that the home Mr. Camelo could provide had been stable, loving and religious for a period of years, and that his present wife is regularly employed. Although his choice of career is unusual, it is not illegal; and the record reveals that the family income is adequate.
Louisiana Civil Code Article 157 (as amended in 1979) establishes the standard to be used in determining the award of permanent custody. It states, in pertinent part:
“In all cases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children; without any preference being given on the basis of the sex of the parent.”
The trial court is in a better position to determine the best interest of the child, based upon its closer view of the conduct and character of the parties. Traylor v. Traylor, 388 So.2d 70 (La.App. 1st 1980); Bride v. Thom, 378 So.2d 152 (La.App. 1st Cir. 1979); Howard v. Howard, 339 So.2d 1275 (La.App. 1st Cir. 1976). The environment under which the children have been living is a factor to be considered. Bordelon v. Bordelon, 390 So.2d 1325 (La. 1980); see also Dickey v. Dickey, 383 So.2d 808 (La.App. 1st Cir. 1980); Thornton v. Thornton, 377 So.2d 417 (La.App. 2nd Cir. 1979). The trial court may consider the fact that the major changes have only recently occurred in the appellant’s lifestyle, which time has not yet proven to be of a permanent nature. See Thompson v. Thompson, 382 So.2d 1036 (La.App. 2nd Cir. 1980).
The conclusion reached by the trial court in child custody cases is entitled to great weight and will not be disturbed unless there has been a clear showing of an abuse of discretion. Bordelon v. Bordelon, supra; Cleeton v. Cleeton, 383 So.2d 1231, on rehearing, (La. 1980); Schmidt v. Schmidt, 393 So.2d 381 (La.App. 1st Cir. 1980). We find that the trial court did not abuse its discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are to be borne by appellant.
AFFIRMED.