CARTER, Judge:
This case involves the custody of two minor children, ages 5V2 and 3V2, born of the marriage between Ronnie L. Scott, appellant, and Pansy C. Scott Rivet, appellee.
A judgment granting a separation between the parties and custody of the children to the mother was rendered on November 5, 1980. In January of 1981, custody was removed from the mother and transferred to the father. Mr. Scott obtained a judgment of divorce on the ground of adultery on May 27, 1981 and was awarded the permanent care, custody and control of the minor children. On September 3,1981, Ms. Rivet filed a rule seeking to change custody from Mr. Scott to herself, and, in the alternative, to have specific visitation set by the court.
The matter was heard and judgment was rendered granting joint custody of the children first to Mr. Scott and then to Ms. Rivet for periods of one year each, to continue in alternate fashion until the children reach the age of majority. Visitation was set for every other week-end. Mr. Scott has perfected a devolutive appeal from this judgment.
The first issue on appeal is whether or not the trial judge erred in granting joint custody to the parties. We find that he did.
The situation presented in this case is clearly governed by La.Civ.Code art. 157, which provides in pertinent part, as follows:
“In all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, or to both jointly by agreement of both the husband and wife, in accordance with the best interest of the child or children; however, an award of joint custody may be granted only when the husband and wife are both domiciled in the State of Louisiana. If either parent changes his or her domicile to another state, the other may petition for sole custody. No preference shall be given on the basis of the sex of the parent in cases where custody is awarded to only one parent.” (Emphasis by the court)
The plain language of La.Civ.Code art. 157 requires that awards of joint custody be made only when 1) both parents agree to such an award, 2) both parents reside in Louisiana, and 3) it is in accordance with the best interest of the child or children.
There is no indication in this case that Mr. Scott agreed to an award of joint custody. Joint custody was not, in fact, requested by Ms. Rivet in her rule for change of custody, although it appears to be acceptable to her. The trial judge apparently decided on his own, without the agreement of the children’s parents, that an award of joint custody was in the best interest of the children.
Ms. Rivet argues that the trial judge’s broad discretion includes making an award of joint custody without the agreement of the parents. However, prior to the 1981 amendment of La.Civ.Code art. 157 autho *492 rizing awards of joint custody under certain circumstances, jurisprudence was well-established that custody should not be divided between the parents, but should be granted to one or the other of them. Pate v. Pate, 348 So.2d 1338 (La.App. 3rd Cir. 1977); Schexnayder v. Schexnayder, 343 So.2d 393 (La.App. 4th Cir. 1977); Sims v. Sims, 340 So.2d 397 (La.App. 2d Cir. 1976); Ogden v. Ogden, 220 So.2d 241 (La.App. 1st Cir. 1969); Newson v. Newson, 176 La. 694, 146 So. 472 (La.1933).
The language of La.Civ.Code art. 157 imposes a clear limitation upon the trial judge’s discretion by requiring parental agreement as a prerequisite to an award of joint custody. Unless it was intended as such, there would have been no reason for the legislature to include the language “by agreement of both the husband and wife” in the amendment to article 157. To hold otherwise would be to totally ignore the plain language of the article as amended.
Therefore, because the parents in this case did not agree to an award of joint custody, the judgment of the trial court must be reversed.
The next question on appeal is to whom should custody be granted. The sole criterion for determining if a change of custody should be granted is the best interest of the children. La.Civ.Code art. 157; Bordelon v. Bordelon, 390 So.2d 1325 (La.1980).
The trial judge’s conclusion that Mr. Scott is providing a good home for his children is supported by the record. There is no indication that the children are not happy and well-adjusted. Additionally, it seems that Mr. Scott’s present wife has a genuine affection for the children and will take an active part in caring for them. The family attends church regularly and is active in church affairs. Appellant stated that he plans to purchase the three-bedroom house in which the family is presently living. The evidence as a whole indicates that the present atmosphere of the father’s home is wholesome and healthy for children of such a young age as those concerned.
A very significant factor in favor of maintaining custody in Mr. Scott is the stability of the children’s environment. This consideration is an important factor in determining the best interest of a child. Bordelon v. Bordelon, supra. As of now, appellant has had custody of the children for approximately 16 months. Considering the ages of the children, 5V2 and 3V2, this time period is a significant portion of their lives. Since removal of the children from the custody of their father would undoubtedly be very traumatic, the advantages of living with their mother should be considerable in order to justify making a change of custody. Otherwise, it does not seem that permitting such an emotional upheaval would be in the children’s best interest.
The primary argument advanced by Ms. Rivet to show that granting custody to her would be in the children’s best interest is that she would have more time to spend with them since she is unemployed and appellant and his wife both work shift-work. In reply, Mr. Scott testified that since he and his wife are not on the same shift, one of them will be home with the children every day except for approximately one day per week and perhaps a few hours on the mornings they come off the dog-shift. On these occasions, the two children will be cared for by Mr. Scott’s mother. Appellant also stated that he had off every other weekend. Therefore, it appears that the children will not be significantly deprived of parental supervision and attention. The mere fact that the working conditions of a custodian parent, such as working shift work, causes difficulties, does not necessarily mean that the custodian parent is unable to properly care for the children. Hays v. Hays, 365 So.2d 563 (La.App. 1st Cir. 1978). As in Hays, supra, the record herein reflects that the children have been properly cared for despite the difficulties caused by Mr. Scott’s and his wife’s work schedule.
Another factor given emphasis by Ms. Rivet is the fact that she is the children’s mother. She is no longer entitled to a preference on this basis, but it remains a factor to be considered. La.Civ.Code art. 157. Additionally, Mr. Scott’s present wife *493 should be able to provide the children with many of the benefits which are generally thought to be provided exclusively by females.
We note that the trial judge concluded that Mr. Scott was providing a good home for the children and was “more ready” for the children than appellee. The conclusions reached by the trial judges in custody cases are entitled to great weight on review. Camelo v. Camelo, 402 So.2d 174 (La.App. 1st Cir. 1981); Bordelon v. Bordelon, supra. Accordingly, these conclusions, as well as an examination of the record, convince us that it is in the children’s best interest that Mr. Scott be granted custody.
The remaining issue on appeal is whether or not the trial judge erred in refusing to deny visitation privileges to Ms. Rivet.
A noncustodian parent is entitled to reasonable visitation rights unless he has forfeited that right or unless the exercise of such visitation rights would be injurious to the child. D’Armond v. D’Armond, 405 So.2d 1231 (La.App. 1st Cir. 1981); Pate v. Pate, supra. Obviously, the trial judge did not find that visitation rights granted to Ms. Rivet would be detrimental to the welfare of the children.
We affirm the holding that visitation rights should be granted, but remand the case to the trial judge for determination of visitation in light of the judgment rendered by this court.
For the above reasons, the judgment of the trial court is reversed in part, affirmed in part, and remanded.
REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.