LOTTINGER, Judge.
This appeal arises from a rule for change of child custody. Whitney Babin, Jr. ruled his former wife, Shelly Martin Babin, to show cause why custody of their minor child should not be awarded to him. From a judgment in favor of Shelly Martin Ba-bin, dismissing the rule, Whitney Babin, Jr. has appealed.
The parties were divorced in June, 1978. Michelle, age five at the time of the divorce, was the only child of the marriage. The judgment of divorce granted permanent custody of Michelle to her mother, Shelly Martin Babin.
Michelle began living with her father in June of 1980, and lived with her father until August 7, 1981, when her mother demanded her return after quarreling with the father. Whitney Babin, Jr. relinquished physical custody and filed a rule nisi to show why permanent custody should not be awarded to him. After hearing the evidence, the trial judge dismissed the rule. Michelle was nine years old at the time.
Whitney Babin, Jr. basically argues on appeal that the judgment of the trial court maintaining custody with the mother was contrary to the law and evidence.
Appellant contends that custody should have been awarded to him because Michelle lived with him for fourteen months with *496 her mother’s consent, the child prospered and developed during this time, and he is able to provide Michelle a stable environment. Appellant sought to prove at the custody hearing that his former wife was without a steady income, tended to change residences frequently, cavorted with men in front of Michelle, and smoked marijuana in front of the child. Shelly Martin Babin admitted that her deteriorating relationship with her second husband, Mark Elam, was what prompted her to allow Michelle to move in with her father in June, 1980.[1]
Louisiana Civil Code Article 157 provides the standard used in determining an award of permanent custody. As amended in 1981, the code article states in pertinent part:
“A. In all cases of separation and divorce, and change of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, or to both jointly by agreement of both the husband and wife, in accordance with the best interest of the child or children; however, an award of joint custody may be granted only when the husband and wife are both domiciled in the state of Louisiana. If either parent changes his or her domicile to another state, the other may petition for sole custody. No preference shall be given on the basis of the sex of the parent in cases where custody is awarded to only one parent. Such custody hearing may be held in private chambers of the judge.”
Thus, in all custody cases, the best interest of the child is the primary consideration, without any preference being given on the basis of the sex of the parent. See Camelo v. Camelo, 402 So.2d 174 (La.App. 1st Cir. 1981); Traylor v. Traylor, 388 So.2d 70 (La.App. 1st Cir. 1980).
Appellant argues that his home will provide a stable environment which is in the best interest of Michelle. He contends that when Michelle came to live with him in June, 1980, she had the nervous habit of plucking her eyelashes which resulted in the child not having eyelashes at all. Appellant sought psychiatric help for Michelle, which helped her break the habit. Appellant also introduced Michelle’s report card from the 1980-1981 school year (when she lived with appellant) and a partial report card from the 1981-1982 school year to show that Michelle’s grades have dropped somewhat since returning to live with her mother in August, 1981.
Appellant and his present wife testified that Michelle and her mother have both related that the mother uses marijuana in front of the child. Testimony at trial also indicated that Shelly Martin Babin had moved a large number of times since her divorce from appellant, and that she has a difficult time finding and holding construction jobs, due to fluctuations in the construction industry. Appellant also testified that Michelle had told him that she and her mother had slept in a bed together with a man not the legal husband of Shelly Martin Babin. Appellant stated that he and his present wife loved and would care for Michelle, and would provide her a stable, caring, religious home.
However, Shelly Martin Babin testified that her moving around was due to her need to find jobs, and that she and her daughter were now living with her mother, where she intended to reside indefinitely. Appellee also denied flatly that she had ever conducted herself immorally with a man while Michelle was in the same house. Although she admitted to marijuana use in the past, appellee testified that she had not smoked marijuana in more than three years.[2] Mrs. Babin (now Elam) stated that Michelle’s stay with her father was initiated as an exercise of his summer visitation rights and that the parties had agreed to let Michelle stay with her father for one school year, since appellee and her second husband were experiencing marital difficulties *497 which appellee did not want Michelle to witness. Appellee maintained that it was never her intention to give up custody of Michelle to her former husband, and that she sought Michelle’s return as soon as the school year was 'over. Appellee’s mother (with whom appellee and Michelle currently reside) and appellee’s pastor both testified that appellee had provided and would continue to provide Michelle with a stable, loving environment.
In custody cases, the procedure for appellate review is to give great weight to the determination of the trial judge, and to overturn a determination only when there is a clear abuse of discretion. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); Cleeton v. Cleeton, 383 So.2d 1231 (La.1979) on rehearing; Camelo, supra; Traylor, supra. The best interest of the child, and not the possibility of harm, is the sole criterion applicable to change of custody cases. Borde-lon, supra at 1328.
The trial judge evaluated all of the conflicting testimony and determined that Michelle’s best interest would be served by remaining with her mother. After a careful and thorough review of the record in its entirety, we are unable to conclude that this determination by the trial court was a clear abuse of its discretion.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed, at appellant’s costs.
AFFIRMED.

. Appellee physically separated from her second husband in March, 1981.

. Appellee further testified that it was appellant who had introduced her to the use of marijuana.