BYRNES, Judge.
This appeal is concerned with the awarding of custody of two children to their father. The only issue on appeal is the use by the trial judge of a confidential report of the Department of Health and Human Resources in making his custody determination. This report was not introduced into evidence by either party and does not form part of the record on appeal.
Generally the trial judge is given much discretion in awarding child custody and his ruling is not disturbed absent a clear abuse of that discretion. Traylor v. Traylor, 388 So.2d 70 (La.App.1980). Schexnayder v. Schexnayder, 371 So.2d 769 (La.1979).
However, in this case the record is so incomplete that we can not adequately review the trial judge’s exercise of his discretion. The trial judge obviously relied heavily on the report in reaching his conclusions. In the absence of that report we are incapable of giving a reasoned opinion as to the correctness of his choice.
Moreover, because appellant and her attorney were denied access to the report, she was unable to rebutt or contest the information it contained, nor could she adequately develop facts more favorable to her position when she could not know the case against her. There was no showing in the trial of any compelling reason to deny appellant access to this report. In the absence of such a showing it was error for the trial judge to deny either appellant, or at least her attorney, the right to inspect the report.
We therefore remand this case a new hearing in accordance with this decision.
All costs of this appeal are to be borne by the appellant.
REVERSED AND REMANDED.