499 So.2d 1270 (1986)
Deborah Schlater, wife of Hilton Maurice PREAU
v.
Hilton Maurice PREAU.
No. CA-5305.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
*1271 J. Wayne Mumphrey, Jeff Perigoni, Chalmette, for appellant.
Mary Beoubay Petruccelli, Chalmette, for appellee.
Before BARRY, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
This is an appeal by Hilton M. Preau from a trial court judgment denying his motion for joint custody of his minor daughter. On appeal, Preau asserts that the trial court was clearly wrong in finding that joint custody was not in the best interest of the minor child. We disagree.
The appellant and Deborah Schlater were married in March, 1971. One child, Catherine Marie, was born of the marriage. Prior to legal separation in September, 1984 the couple entered into a consent judgment which granted sole custody of the child to the mother with specified visitation rights to the father. Thereafter the couple were divorced in June, 1985. The divorce judgment made the award of sole custody to the mother permanent and incorporated the previously granted visitation rights to the father. In September, 1985 the father filed a Motion for Joint Custody, the denial of which is the basis of this appeal.
By virtue of C.C. Art. 157, any modification of a child custody order must be made in accordance with C.C. Art. 146 and in furtherance of the best interests of the child. C.C. Art. 146 provides that there is a presumption that joint custody is in the best interest of a minor child. This presumption is rebuttable upon a showing that joint custody is not in the best interests of the child after a consideration of eleven specifically enumerated factors, plus any "other factor" which the trial court deems relevant. C.C. Art. 146(C)(2)(a)-(l). The determination of the trial judge in child custody cases is entitled to great weight and his ruling will not be disturbed absent clear abuse of that discretion. Stephenson v. Stephenson, 404 So.2d 963 (La.1981); Morales v. Morales, 446 So.2d 459 (La.App. 4th Cir.1984). On the basis of the record, we find no abuse of the trial judge's discretion.
In the present case, the parents' testimony was mixed as to whether a joint custody arrangement would be in the best interests of their child. Although each party tended to agree that the other spouse was a good parent and that the child enjoyed a close parental relationship with both parents, this alone does not necessarily support an award of joint custody. A requisite element in any joint custody arrangement is that the spouses be able to set their differences aside and cooperate to carry out the joint custody plan. Testimony offered by both spouses in the instant case suggests that sufficient animosity and rancor exists between them that it would be unrealistic to conclude that the parties could work together to the extent required in a joint custody arrangement. The Louisiana Supreme Court has ruled that the parents' inability to settle their differences amicably or to protect the minor children from their battles was one of the "other factors" which must be considered in rebutting the presumption in favor of joint custody under C.C. Art. 146(C)(2)(l). Turner v. Turner, 455 So.2d 1374 (La.1984). Though the facts in the instant case do not reflect the level of discord between the parties that the court noted in Turner, we nonetheless, find that the record provides ample basis for the trial court's ruling. *1272 Moreover, although neither party has raised the issue, we note that appellant did not allege or prove a change in circumstances sufficient to justify a change in the existing custody arrangement. Proof of such a change is an essential prerequisite to an action for change of custody. In Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986), the Supreme Court reaffirmed the validity of this rule in all cases, including those like the present case where a change from sole to joint custody is sought. Appellant's failure to make the necessary showing is another ground for affirming the trial court's ruling.
In the alternative the appellant requests that we modify the June 4, 1985, judgment of divorce to increase his visitation privileges. Since the time period within which this judgment could have been appealed has expired, this issue is not properly before this court and will not be addressed. See C.C.P. Art. 2087.
For the foregoing reasons, we affirm the trial judge's ruling. All costs of this appeal are to be borne by the appellant.
AFFIRMED.