735 So.2d 619 (1999)
Veronica Suzanne HOWZE
v.
Malcolm Terry HOWZE.
No. 99-C-0852.
Supreme Court of Louisiana.
May 26, 1999.
*620 Duncan S. Kemp, III, Counsel for Applicant.
Erik Lane Burns, Denham Springs, Counsel for Respondent.
PER CURIAM.[*]
We granted certiorari in this case to review the trial court's judgment awarding Veronica Suzanne Howze and Malcolm Terry Howze joint custody of their two minor children, but designating Mr. Howze as the domiciliary parent of the older child and designating Mrs. Howze as the domiciliary parent of the younger child. After reviewing the record, we find the trial court erred in dividing the physical custody of the children between the parents.

FACTS AND PROCEDURAL HISTORY
Veronica Suzanne Howze and Malcolm Terry Howze were married in 1988 and had two sons, Mitchell, born September 7, 1991, and Matthew, born March 25, 1996. On February 23, 1998, Mrs. Howze filed for divorce and sought joint custody of the children with herself designated as the domiciliary parent. Prior to the hearing, the trial court awarded Mrs. Howze temporary custody of both children. Thereafter, Mr. Howze filed an answer and reconventional demand seeking sole custody of the children or, alternatively, joint custody with himself designated as the domiciliary parent of both children.
On March 30, 1998, the trial court conducted an evidentiary hearing. Both parties testified at the hearing; however, no expert testimony was introduced.
Mrs. Howze testified that since she separated from her husband, she and the two children have been living with her mother in Loranger, Louisiana, a town about forty miles from the family's home in Denham Springs. Mrs. Howze stated that she withdrew Mitchell from South Walker Elementary School in Denham Springs and placed him in Loranger Elementary, where he is in first grade. Mrs. Howze testified that while she is working during the day at a chiropractic clinic in Hammond, her mother keeps Matthew at home. She explained that Matthew requires breathing treatments to control his asthma, and that her mother is able to administer the treatments if Matthew has an asthma attack. Mrs. Howze testified that both of the children seemed to have adjusted well to the separation and change in residence, and while she said she thought that Mitchell was doing well in his new school, she conceded that some of his grades there "aren't too hot."
Mrs. Howze also testified that prior to the separation, she was responsible for taking Mitchell to school each morning. *621 However, counsel for Mr. Howze pointed out that as of February 20, 1998, Mitchell had been marked "tardy" 21 times at South Walker Elementary since the school year began in the fall of 1997; he had been absent 15 times in the same period. Furthermore, in the one month period since Mitchell had started school in Loranger, he had been marked "tardy" four times and been absent two times.
At the conclusion of the hearing, the trial court awarded the parties joint custody of the children, but designated Mr. Howze as the domiciliary parent of the older child, Mitchell, and designated Mrs. Howze as the domiciliary parent of the younger child, Matthew. In oral reasons for judgment, the trial court found it would be in Mitchell's best interest, primarily due to the attendance and grade problems, to be placed with Mr. Howze. As to Matthew, the trial court stated, "I don't think there's any doubt, I think that the domiciliary status of Matthew should be with Mrs. Howze." However, the court did not articulate any further reasons. The trial court went on to set out a visitation schedule between the parties.
Mrs. Howze appealed the trial court's judgment, claiming that the trial court erred in dividing the physical custody of the children. In a 2-1 decision, the court of appeal affirmed, finding no abuse of discretion in the trial court's ruling dividing physical custody of the children.[1]
Upon Mrs. Howze's application, we granted certiorari to consider the correctness of this ruling.[2] The sole issue presented for our consideration is whether the trial court erred in dividing the physical custody of the children under the facts of this case.

DISCUSSION
The paramount consideration in child custody cases is the best interest of the child. La. Civ.Code. art. 131. The separation of children of a family, though sometimes necessary, is a custodial disposition that courts seek to avoid. Normally, the welfare of children is best served by leaving them together, so they can have the full benefit of companionship and affection. When feasible, a court should shape its orders to maintain family solidarity. Tiffee v. Tiffee, 254 La. 381, 387-388, 223 So.2d 840, 843 (1969).
In the instant case, the record reveals that Mitchell and Matthew are full-blooded siblings of the same gender with an age difference of approximately four years. This age gap is not so large as to preclude the children from sharing some similar interests and from deriving great benefit and comfort from living together as part of a family. See Lee v. Davis, 579 So.2d 1130 (La.App. 2d Cir.1991). While the trial court expressed valid concerns over Mitchell's school absences and grades, the court failed to set forth any reason why a separation of the children would alleviate these problems. Furthermore, there was no expert testimony introduced at the hearing which would tend to show that separating the children is in their best interests.
Accordingly, under the facts presented, we conclude a separation of the children is not necessary. The trial court committed legal error in failing to shape its order to maintain family solidarity, as required by Tiffee. Based on our review of the record, we conclude Mrs. Howze should be designated the domiciliary parent of both children, with Mr. Howze given appropriate visitation rights.

DECREE
For the reasons assigned, the judgment of the court of appeal is vacated and set aside insofar as it affirms that portion of the trial court's judgment dividing the physical custody of the children. The trial court's judgment is amended to provide *622 that Veronica Suzanne Howze be designated as domiciliary parent of both children. The case is remanded to the district court to set an appropriate visitation schedule for Mr. Howze.
NOTES
[*] Victory, J., not on panel. Rule IV, Part II, § 3.
[1] Howze v. Howze, 98-1544 (La.App. 1st Cir.12/28/98), 727 So.2d 586.
[2] Howze v. Howze, 99-0852 (La.5/5/99), ___ So.2d ___, 1999 WL 307904.